### EX PARTE JOE DAY.

No. 16478. Delivered December 13, 1933.
Reported in 66 S. W. (2d) 695.

The opinion states the case.

*Polk Shelton* and *Henry Brooks,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—We are asked in a direct habeas corpus proceeding in this court to pass on the constitutionality of a law and release the applicant from custody, upon an application most general in its terms, simply setting up that applicant is "Illegally restrained of his liberty by J. A. Woody, Constable, upon a complaint and warrant of arrest issued by a Justice of the Peace of Precinct No. 3, Travis County, Texas, a certified copy of which complaint and warrant of arrest are attached to the application." The application is dated and sworn to on November 3, 1933, while the complaint upon which applicant was arrested, if at all, was filed a day later, or on November 4, 1933. This court will not take jurisdiction of such an application.

Another thing: The certified copy of the warrant of arrest, under which it is claimed applicant is held, is officially signed by "J. A. Woody, Justice of the Peace Precinct No. 3," apparently the same gentleman who signs the return on said warrant as J. A. Woody, "Constable of Travis County, Texas." Such a warrant furnished no legal ground for applicant's arrest as would have been held upon a proper application to any nisi prius court.

Referring to our statement above that this application is in most general terms, it appears from a statement of the District Judge attached to the application, that in his opinion the question involved is one of importance inasmuch as machines such as applicant is charged with operating are being operated "In thousands of different places in the State of Texas, by thousands of individuals," all of whom are interested, as well as the State of Texas, and its school funds,—into which go the taxes on such machines. The trial judge suggests that the petition be presented direct to the Court of Criminal Appeals.

It seems impossible for one to look at such an application as is here presented, even if in proper legal form, and tell whether reliance is had or intended upon lack of facts to support the prosecution, or the unconstitutionality of the law involved, or both. This is not a nisi prius court, and has no way

.of hearing a case on facts except by appeal from some court below in which the facts have been heard and preserved in a record. A casual inspection of the law attacked in the brief filed by counsel for applicant makes evident the fact that the kind and variety of machines comprehended by the law involved, is extensive, some being for mere amusement, some being marble machines upon which a different tax seems required,—some being for vending commodities whose common use might make for public well-being, comfort and convenience.

This court must decline, without a statement of facts, to embark upon an undertaking involving the validity of a law regulating games of chance for so-called amusement, or games involving the use of marbles forced by springs either by accident or skill around and through posts or pins to some stopping place, or machines where, for a coin, a drinking cup may be obtained at a fountain, or access be had to a telephone machine. The legal solution of these questions may be vastly affected by the kind, character, use or purpose of the particular machine in the individual case. The local district attorneys and trial courts must be trusted to carefully investigate, test out and present the facts of the case and pass upon it, and then this court would be in condition to do that which is its function,— to finally decide the law and its applicability to a given state of facts, or its constitutionality.

For the defects mentioned above the application for writ of habeas corpus is dismissed.

*Dismissed.*