EX PARTE CHARLES LEWIS AARON

No. 32,059. June 8, 1960

544

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is an original application for writ of habeas corpus brought by the relator seeking his release from the Texas Prison system.

On February 6, 1956, relator was convicted in the Criminal District Court of Harris County in cause No. 75,173 of the primary offense of unlawfully possessing a narcotic drug, and upon the jury's verdict finding appellant guilty of the primary offense and that he had been previously convicted of two felonies less than capital which were alleged in the indictment for the purpose of enhancement of the punishment, the court entered judgment and sentenced him to confinement in the penitentiary for life, under Art. 63, V.A.P.C.

On appeal to this court the judgment was affirmed. Aaron v. State, 163 Tex. Cr. R. 635, 296 S. W. 2d 264.

The indictment upon which appellant was convicted alleged that on or about the 8th day of June, 1955, appellant did unlawfully possess a narcotic drug and that prior to the commission of the offense he had been finally convicted on June 1, 1938, in Criminal District Court No. 2 of Harris County of the offense of felony theft and on February 14, 1952, in the Criminal District Court of Harris County of the offense of unlawfully selling marijuana.

Properly analyzed the indictment alleged a subsequent violation of the Narcotic Drug Act, Art. 725b, V.A.P.C. and a prior conviction for felony theft.

The prior conviction for unlawfully selling marijuana in

violation of Art. 725b, supra, was an element of the primary offense charged against relator and could not be used to enhance his punishment under Art. 63, supra, Parasco v. State, 165 Tex. Cr. R. 547, 309 S. W. 2d 465; Granado v. State, 168 Tex. Cr. R. 525, 329 S. W. 864 and Fletcher v. State, No. 31,563, (page 506 this volume) 335 S.W. 2d 613.

The prior conviction for felony theft could not be used to enhance the punishment under Art. 62, V.A.P.C.; the offense of felony theft not being an offense of the same nature as the unlawful possession of a narcotic drug.

Under the record, the enhancement of relator's punishment under Art. 63, supra, was unauthorized and relator is entitled to be relieved from further confinement under the judgment. Ex parte Daniels, 158 Tex. Cr. R. 2, 252 S. W. 2d 586.

The jury not having assessed the punishment, and there being no definite punishment fixed by law which the court could have applied under either Art. 725b, supra, Art. 62, supra, or Art. 63, supra, the judgment of conviction is void rather than excessive.

The writ is granted and it is ordered that relator be relieved from further confinement in the penitentiary under the judgment of conviction and that he be delivered by the penitentiary authorities to the sheriff of Harris County to answer in Criminal District Court of Harris County to the indictment in cause No. 75,173 under which he was convicted.

Opinion approved by the Court.