EX PARTE SAMUEL LEE ROBERTS

No. 33,203. March 29, 1961

*T. P. Henley*, and *Phil Pickett*, San Antonio, for relator.

*Charles J. Lieck, Jr.*, Criminal District Attorney, *John G. Benavides, Harry T. Nass, Jr.*, Assistants Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge

This is a habeas corpus proceeding brought by the relator seeking his release from the Texas Prison System.

The application for writ of habeas corpus was presented by relator to the Hon. John F. Onion, Jr., Judge of the Criminal District Court No. 2 of Bexar County, Texas, who granted the writ, developed the facts, and has certified same to this court for determination as provided by Art. 119, V.A.C.C.P.

The facts as certified show that relator is being confined in the penitentiary under a judgment of conviction rendered against him in Criminal District Court of Bexar County on November 14, 1956, in Cause No. S-55182 for the primary offense of unlawful possession of a narcotic drug in violation of Art. 725b, V.A. P.C., with punishment assessed at life imprisonment being enhanced under Art. 63, V.A.P.C., by reason of two prior convictions for felonies less than capital.

It is further shown that the two prior convictions were for the offense of unlawful possession of marihuana in violation of Art. 725b, supra, and the felony offense of theft from the person.

In the recent case of Ex parte Aaron, 169 Tex. Cr. R. 543, 336 S.W. 2d 180, we held a similar judgment of conviction for violation of the Narcotic Drug Act, Art. 725b, supra, with punishment of life imprisonment enhanced under Art. 63, supra, by reason of two prior convictions for violation of the Narcotic Drug Act and felony theft, void and ordered the relator released from further confinement in the penitentiary under such judgment.

In so deciding, reference was made to the holdings of this court in Parasco v. State, 165 Tex. Cr. R. 547, 309 S.W. 2d 465; Granado v. State, 168 Tex. Crim. Rep., 525, 329 S.W. 2d 864; and Fletcher v. State, 169 Tex. Crim. Rep. 506, 335 S.W. 2d 613 that a prior conviction for violation of the Narcotic Drug Act cannot be used to enhance punishment under Art. 63, supra, for a subsequent violation of the act but only makes applicable the punishment provided in sec. 23(1) of Art. 725b, supra, for the second or any subsequent conviction for violating the provisions of the act.

Under the facts certified and the decision of this court, the enhancement of relator's punishment under Art. 63, supra, was unauthorized and relator is entitled to be relieved from further confinement under the judgment.

Accordingly, it is ordered that relator be relieved from further confinement in the penitentiary under the judgment of conviction and that he be delivered by the penitentiary authorities to the sheriff of Bexar County to answer in Criminal District Court of Bexar County to the first and third counts of the indictment in Cause No. S-55182 under which he was convicted.

Opinion approved by the Court.