**Preston Perry McSWAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39436.

Court of Criminal Appeals of Texas.

March 23, 1966.

Rehearing Denied May 18, 1966.

Second Motion for Rehearing Denied
June 22, 1966.

Howard O. Lake, Houston, John W. O'Dowd (on rehearing only), Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Hirtz and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Presiding Judge.

The offense is burglary; the punishment, enhanced by proof of two prior convictions for felonies less than capital, life imprisonment.

Police Officer J. C. Goff testified that at the time of the offense his duties were those of security guard at an apartment complex located in Harris County, Texas, and that he lived at this same location. While off duty, and as he sat reading the newspaper on the patio of his apartment, he observed appellant and a confederate approach another apartment in the complex and knock on the door several times. When no one answered, appellant produced a screwdriver from underneath his shirt, placed it against the door near the lock, and struck it until the door opened. The officer picked up his identification and pistol, then returned to his vantage point in time to see appellant and his companion coming out of the apartment carrying a television set. Officer Goff produced his identification and arrested the pair.

Elizabeth Cain testified that she had care, custody, and control of the apartment which was broken into and that she had locked the door when she left for work that morning. She testified that she had not given appellant or anyone else permission to enter her apartment or to take her television set.

Appellant testified in his own behalf, and he admitted entering the apartment but stated that he was under the impression that his companion owned the television set and occupied the premises. He testified that his companion was the one who opened the door to the apartment.

■ The jury resolved the facts against appellant, and the evidence is sufficient to sustain his conviction.

■ The only contention urged in appellant's brief is that the trial court erred in admitting into evidence the records of prior convictions alleged for enhancement purposes. The prior convictions were proved by introducing certified records from the Texas Department of Corrections, and identity was established through the testimony of a fingerprint expert who testified that the fingerprints in the records of prior convictions matched the fingerprints of appellant.

The record shows that appellant was convicted in Cause No. 70,535, for felony theft on December 17, 1953; that after this conviction became final appellant, in January, 1957, committed the offense of being an habitual user of narcotics; that he was convicted for this offense on June 21, 1957, in Cause No. 80,577, and that the primary offense was committed on October 16, 1964.

Appellant contends that the judgment and sentence in Cause No. 70,535, are void because they are neither definite nor certain as to punishment assessed. He then reasons that since this prior conviction is void, the other conviction, which was for a narcotics violation, cannot be used for enhancement under Article 62, Vernon's Ann.P.C. because it is not a conviction for an offense of the same nature as the primary offense of burglary.

Although it appears that error was not properly preserved, we note that appellant's felony theft conviction in Cause No. 70,535, resulted from a trial without a jury on a plea of guilty. The judgment reads that, "the Court finds the defendant guilty of Theft, a felony, and assesses the punishment at 5 years in the State Penitentiary." The sentence accurately recites the pronouncement of the judgment then states that appellant, "shall be confined in said Penitentiary for not less than 2 nor more than 5 years * * *."

The judgment fixes a penalty which is definite and certain. The sentence thereafter pronounced embodies application of the indeterminate sentence statute. Article 775, Vernon's Ann.C.C.P., then in effect; Ex Parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286.

No error was committed in the admission into evidence of the proof of prior convictions, and a review of appellant's other informal bills of exception discloses no error.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

It is now insisted that appellant's prior conviction for the offense designated in the judgment and sentence as "Habitual user of narcotic drugs" which was used for enhancement is void.

■ He relies on the holding of this court that the statute (Art. 725c, Vernon's Ann.P.C.) making it an offense for a person to be "addicted to the use of narcotic drugs" was invalid, and a conviction thereunder was void. Ex Parte Rogers, Tex.Cr. App., 366 S.W.2d 559. He urges that "Habitual user of narcotic drugs" is synonymous with "addicted to the use of narcotic

drugs," and that both import a "status" or "condition" and not an act.

The applicable portion of Art. 725c, V.A. P.C., reads as follows:

"It shall be unlawful for any person *to habitually use narcotic drugs,* be addicted to the use of narcotic drugs, * * *."

The portion of the statute containing the words "habitually use" is based upon the act of using. Without an "act" a person could not "habitually use" narcotic drugs. To be addicted to the use of narcotic drugs is a status or condition.

The motion for rehearing is overruled.

Opinion approved by the Court.