440 F.2d 988
 Robert Pierce KEY, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections,
State of Florida, Respondent-Appellee.
No. 30718 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 9, 1971.
 
 Robert P. Key, pro se.
 Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for appellee-respondent.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Florida state prisoner for the writ of habeas corpus. We affirm.
 
 
 2
 While serving three concurrent ten year sentences for robbery, appellant walked away from a road gang. His explanation was that he was seeking medical treatment for an arm laceration which had required seventy-five stitches and had not healed properly, causing him great pain. He claimed prison authorities had denied him treatment. After being recaptured he was convicted upon trial by jury of escape and was sentenced to ten years imprisonment to run consecutive to his robbery sentences. A direct appeal was quashed. Key v. State, Fla.App.1966, 186 So.2d 326.
 
 
 3
 In his habeas petition filed in the court below appellant alleged that prior to trial, the trial judge promised him a two year sentence if he pled guilty, but because he elected to exercise his right to a jury trial, he was sentenced to ten years. Appellant also contended that he was denied a fair trial because the court struck his 'defense' that he was justified in leaving the road crew to seek medical help. The district court denied relief finding that the trial judge assessed the ten year sentence only after learning that appellant had nine prior felony convictions.
 
 
 4
 The contention that his 'defense' was improperly denied him is not of constitutional proportions. Further, the trial transcript reveals that the court allowed appellant to testify as to his reasons for escaping, but only in mitigation of sentence. The jury did not return a recommendation of mercy.
 
 
 5
 A review of the record reveals an affidavit of the trial judge stating that the sentence was based primarily on the fact that appellant had the nine prior convictions on his record. The transcript of the sentencing proceedings shows that appellant informed the court of his past record just prior to sentencing. In light of the record, we perceive no clear error in the findings of fact made below. Therefore, the judgment of the district court is
 
 
 6
 Affirmed.