Roberta HEREDIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 43856.

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 28, 1971.

Bobby L. Sanders, William B. Smith, Midland, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, and Jim. D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. The punishment, enhanced under Article 63, Vernon's Ann. P.C., life.

The record reflects that on November 5, 1969, at approximately 10 P.M., five or six Midland Police Officers went to room number 17 of the Frontier Motel in Midland to execute a search warrant. The officers were apparently "spotted" as they approached the said room and they "took off in a run" for the door. When they reached the door, they observed several males and females inside the room. The appellant was seen near the bed and he rushed to the bathroom where he attempted to flush a brown paper sack, a needle and an eye dropper down the commode. The said contraband was retrieved and admitted into evidence at the trial.

Appellant contends the affidavit on which search warrant was based is defective, in that: (1) there are no underlying circumstances supporting the affiant's conclusion that the informant was reliable or the information credible; (2) it is indefinite as to time the occurrences happened to show probable cause; and (3) the jurat on the affidavit is undated. Therefore, he contends, admission of evidence thereunder was error.

The affidavit for search warrant is herein set out, as follows:

"THE STATE OF TEXAS
COUNTY OF MIDLAND

"James K. Maynard and _____ do solemnly swear that heretofore, on or about the 5th day of November A.D., 1969, in said County and State, one CRUZ DeLAO did then and there unlawfully possess a Narcotic drug, to-wit: Heroin and I have cause to believe and do believe that said Narcotic drugs are now concealed by, Cruz DeLao in a motel room number 17 at the Frontier Motel, this motel room faces the west and is of stucco construction, white in color, with the actual motel facing the south, wings running north and south, situated in Midland County, Texas, at 1409 East Front Street in Midland County, Texas which said Cruz DeLao occupies, possesses, controls and has charge of.

"My knowledge of the foresaid is based on the following facts: Information was received by James K. Maynard from a reliable and credible informer who has furnish__ truthful and reliable information in the past, that Cruz DeLao was in fact using and selling Heroin from his motel room, numbe_ed 17 at the Frontier Motel at 1409 East Front Street in Midland, Texas. This informer further stated he had actually been inside this room and purchased papers of Heroin from Cruz DeLao and actually had seen Heroin addicts also purchase Heroin and then use the Heroin, or inject it into their arms. This informer also stated that Cruz DeLao would furnish the paraphernalia to anyone purchasing Heroin from him if they wanted to take a fix or inject the Heroin at that time. A surveillance was established by members of the Detective Division of the Midland Police Department of the Frontier Motel at 1409 East Front Street in Midland, Texas and on numerous occasions known Heroin addicts *was* observed entering and leaving room 17 at that motel. Through the surveillance Detectives learned that the known Heroin addicts entered and left the motel room above stated mostly between the hours of 6:00 P.M. and 12 midnight each day.

"Wherefore, I ask that a warrant to search for and seize the said Narcotic drugs be forthwith issued in accordance with the law in such cases provided.

(s) James K. Maynard

"Sworn to and subscribed before me by James K. Maynard and _____

(s) John H. Biggs

Justice of the Peace, Precinct No. 1, Place No. 1, Midland County, Texas."

■ We note the recitations in the said affidavit that information "from a reliable and credible informer who has furnish__ truthful and reliable information in the past" and "This informer further stated he had actually been inside this room" and had purchased heroin. Thus, the two pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, has been met. This ground of error lacks merit.

■ However, a much more serious question arises as to the definite time of the occurrences to show probable cause for the issuance of the search warrant. Article 18.01, Vernon's Ann.C.C.P., states in part:

"No search warrant shall issue for any purpose in this State unless a sworn complaint therefor shall first be filed with

the issuing magistrate setting forth sufficient facts to satisfy the magistrate that probable cause does in fact exist for its issuance."

So, in order for the affidavit to show adequate probable cause it must set forth underlying circumstances necessary to enable the magistrate independently to judge the validity of the affiant's belief that heroin was being used and sold in motel room number 17 at the Frontier Motel. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Aguilar v. Texas, supra.

The facts attested to must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time. SGRO v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260; Odom v. State, 121 Tex.Cr.R. 209, 50 S.W. 2d 1103; Garza v. State, 120 Tex.Cr.R. 147, 48 S.W.2d 625.

As noted, the affidavit merely cited that "Information *was* received * * * that Cruz DeLao *was* in fact using and selling * * * and actually *had seen* Heroin addicts * * * surveillance *was* established * * * and on numerous occasions known Heroin addicts *was* observed * * mostly between the hours of 6:00 P.M. and 12 midnight each day," (Emphasis supplied). It is apparent that the magistrate could not ascertain the closeness of time sufficient to issue the warrant based on an independent judgment of probable cause.

This court in Garza v. State, supra, at pages 627 and 628, stated:

"The probable cause in the present case is the statement of one of the makers of the affidavit for the search warrant that he personally saw a man leaving the house of the appellant with some beer which he claimed to have purchased therein. Nothing in the statement conveys any definite idea as to when the

incident he describes took place. * * * As stated above, the right to issue the warrant rests upon facts existing at the time the showing is made for the warrant. The right to issue a search warrant is dependent upon the statement under oath in the application making clear the right to issue the warrant. Such affidavit, as measured by the requirement of the Constitution, is inadequate if it fails to disclose facts which would enable the magistrate to ascertain from the affidavit that the event upon which the probable cause was founded was not so remote as to render it ineffective."   .

█ Further, the undated jurat on the affidavit vitiates the complaint. In order to be sufficient, the jurat must be dated. See Brown v. State, 163 Tex.Cr.R. 527, 294 S.W.2d 722; Ex parte Day, 125 Tex.Cr.R. 8, 66 S.W.2d 695.

The inadequacy of the affidavit to support the search warrant rendered the evidence obtained through the search illegal and therefore inadmissible.

█ In light of the disposition made, we will not discuss other grounds of error; however, in case of another trial, it should be noted that a prior conviction for violation of the Narcotic Drug Act is not available for use to enhance the punishment under either Article 62 or 63, V.A.P.C.[1] for a subsequent violation of the Act, because of the special enhancement provision of Article 725b, Sec. 23(1) V.A.P.C. Ex parte Roberts, 171 Tex.Cr.R. 44, 344 S.W.2d 682; Ex parte Aaron, 169 Tex.Cr.R. 543, 336 S.W.2d 180; Fletcher v. State, 169 Tex. Cr.R. 506, 335 S.W.2d 613; Granado v. State, 168 Tex.Cr.R. 525, 329 S.W.2d 864; Parasco v. State, 165 Tex.Cr.R. 547, 309 S.W.2d 465. See also Edwards v. State, 166 Tex.Cr.R. 301, 313 S.W.2d 618.

The judgment is reversed and the cause remanded.

1. Appellant was indicted for the primary offense of unlawful possession of a narcotic drug, to-wit: heroin, with a 1967 prior conviction for unlawful possession of a narcotic drug, to-wit: heroin, and a 1963 prior conviction for burglary with intent to commit theft.