447 F.2d 103
 Charlie WOODARD, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 31107 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, et al. 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 23, 1971, Rehearing Denied July 16, 1971, Certiorari
Denied Nov. 16,1971, See 92 S.Ct. 325.
 
 J. Paul Pomeroy, Jr., Houston, Tex., for petitioner-appellant.
 Mr. Robert Darden, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 THORNBERRY, Circuit Judge.
 
 
 1
 In this appeal from the district court's denial of habeas corpus relief, the appellant Charlie Woodard seeks mitigation of his life sentence in the Texas Department of Corrections. The facts are that appellant was tried and convicted on March 2, 1954, by a jury in Harris County, Texas, for the offense of burglary. On March 25, 1954, he was sentenced to life imprisonment under the Texas Habitual Offender Statute, Vernon's Ann.Tex.Penal Code art. 63. Used to enhance his sentence under this statute were two prior felony convictions: (1) Felony Embezzlement in Cause No. 55,223, imposed by the Criminal District Court of Harris County, Texas, on April 20, 1945; and (2) Driving While Intoxicated (DWI)-- second offense-- in Cause No. 65,511 imposed by the Criminal District Court of Harris County, Texas, on December 3, 1951.
 
 
 2
 Appellant contends that the use of his second offense DWI conviction to enhance his sentence in 1954 violated his constitutional rights because (1) the DWI conviction was obtained without benefit of the effective assistance of counsel; and (2) the use of prior convictions to enhance a sentence constitutes double jeopardy. We AFFIRM.
 
 
 3
 The Record reveals that the appellant did have the benefit of counsel at the time he entered his plea to the second DWI offense. Appellant's complaint lies in the type of assistance this counsel provided. According to appellant's brief, this counsel was appointed the morning of the trial and merely 'plead out' the appellant along with four other defendants that same day.
 
 
 4
 Appellant's argument contains two major shortcomings. First, he pled guilty to the second offense DWI charge in State Court. The court below found he entered this plea voluntarily and knowingly and on the advice of counsel. It is settled in this Circuit that 'the only required duty of counsel under the most liberal construction when a plea of guilty is entered is that counsel * * * should ascertain if the plea is entered voluntarily and knowingly.' Lamb v. Beto, 5th Cir., 423 F.2d 85, 87, cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). This, of course, does not mean that a postconviction challenge to the effectiveness of court-appointed counsel is foreclosed once a defendant has pled guilty. See Colson v. Smith, 5th Cir. 1971, 438 F.2d 1075. But one must do more than make conclusional assertions to substantiate his challenge. Packnett v. United States, 5th Cir. 1970, 435 F.2d 693. It is the appellant's failure to substantiate in any meaningful way his complaint about his prior court-appointed counsel that is the second major shortcoming of his argument. He did no more than complain about the short amount of time that his court-appointed counsel had to spend on his case. Shortness of time alone, however, is not enough to establish a claim of ineffective assistance of counsel. Smith v. Smith, 5th Cir. 1970, 433 F.2d 582; Evans v. Beto, 5th Cir. 1969, 415 F.2d 1129; Doughty v. Beto, 5th Cir. 1968, 396 F.2d 128. The court below found that the time appellant's court-appointed counsel spent with him prior to entering the plea of guilty was sufficient time to ascertain whether there was a factual basis for the plea, and to ascertain if there were any possible defenses to the charge. Nothing appellant has presented to this Court, or that we have seen in the Record, contradicts this fact-finding. The conclusion is inescapable, therefore, that appellant's challenge to the effectiveness of his counsel in his second offense DWI proceeding is not supported by the Record and that this first point of error must be rejected.
 
 
 5
 Appellant's second point of error, broadly stated, is that the use of his second offense DWI conviction violated the fifth amendment double jeopardy clause. There is no merit to this contention, as a constitutional proposition. It is a well-recognized principle in federal habeas corpus proceedings that habitual offender statutes do not violate the double jeopardy clause of the United States Constitution. Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); Davis v. Bennett, 8th Cir. 1968, 400 F.2d 279, cert. denied, 395 U.S. 980, 89 S.Ct. 2137, 23 L.Ed.2d 768 (1969); Anderson v. Wilson, 9th Cir. 1968, 397 F.2d 255, cert. denied, 394 U.S. 1019, 89 S.Ct. 1641, 23 L.Ed.2d 45 (1969).
 
 
 6
 Narrowly stated, on the other hand, appellant's second point of error is predicated on a Texas rule of criminal procedure laid down in the cases of Ex parte Aaron, 169 Tex.Cr.R. 543, 336 S.W.2d 180 (1960) and Fletcher v. State, 169 Tex.Cr.R. 506, 335 S.W.2d 613 (1960). Both these cases arose under the Texas Uniform Narcotic Drug Act. Both involved the use of prior violations of that Act to enhance punishment upon a subsequent violation of that Act under the Texas Habitual Offender Statute. The Texas Court of Criminal Appeals held that since a prior violation of the Narcotic Drug Act constituted an element of the discrete offense of 'subsequent violation of the Narcotic Drug Act,' for which the defendants in both cases were charged and convicted, the prior convictions could not also be used to enhance punishment under the Texas Habitual Offender statute. The appellant analogizes these cases to the second offense DWI conviction. He argues that the prior DWI offense was an element of the second offense DWI charge, and therefore the second offense DWI charge could not be used to enhance his sentence upon his burglary conviction. Whatever the merits of this argument may be under Texas law, we do not think it rises to federal constitutional proportions. Pleas v. Wainwright, 5th Cir. 1971, 441 F.2d 56; Alligood v. Wainwright, 5th Cir. 1971, 440 F.2d 642; Key v. Wainwright, 5th Cir. 1971, 440 F.2d 988. At most it is founded on a peculiarity of Texas criminal procedure, not meriting federal habeas corpus relief. Federal habeas corpus is available for the vindication of rights existing under federal law, not rights existing solely under state rules of procedure. Pringle v. Beto, 5th Cir. 1970, 424 F.2d 515; Bilton v. Beto, 5th Cir. 1968, 403 F.2d 664; Beto v. Sykes, 5th Cir. 1966, 360 F.2d 411. However we construe the appellant's second contention, therefore, it lacks merit.
 
 
 7
 Affirmed.