Jackie Mary **CHILDRESS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44205.

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Bob C. Hunt, Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary where punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life by the court following a guilty verdict as to the primary offense of burglary.

All of appellant's grounds of error relate to the hearing on punishment before the court, the appellant expressly agreeing that

the evidence is sufficient to support the conviction for burglary.

In her first four grounds of error appellant contends the State failed to prove by competent evidence that the appellant was the same person so previously convicted as alleged.

The indictment alleged that the appellant had been previously convicted of unlawfully passing a forged instrument in the Criminal District Court of Harris County, Texas, on June 15, 1954, in Cause No. 71778 and that after said conviction had become final the appellant had been convicted for unlawful possession of a narcotic drug, papaverine, in the Criminal District Court of Harris County, Texas, on February 21, 1964, in Cause No. 103970 and that after such conviction had become final the instant burglary offense had been committed on September 23, 1969.

The State introduced into evidence the authenticated records of the Texas Department of Corrections including certified copies of the judgments and sentences of the convictions alleged, photographs and fingerprints.

This was followed by testimony of an expert witness that the fingerprints included in the prison packet were identical with a set of prints which had been introduced as known prints of the appellant. This method of proof for establishing as a historical fact the prior convictions alleged for enhancement has been consistently approved by this court. Broussard v. State, Tex.Cr.App., 363 S.W.2d 143; Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Rinehart v. State, Tex.Cr.App., 463 S.W.2d 216; 1 Branch's Ann.P.C., 2d ed., Sec. 699, p. 684.

Nevertheless, appellant contends that the judgment and sentence in said Cause No. 71778 reflects the name of one Jackie Atkins rather than the appellant's name and no witness testified they were the same person. She also contends that the witness who testified as to the known fingerprints

of the appellant did not actually take such prints himself.

Although the judgment and sentence in Cause No. 103970 reflects the name of Jackie Childress, the appellant is correct in that the record in Cause No. 71778 reflects the accused's name as Atkins.

■ Further, Hubert Reed, bailiff in the convicting court, did testify that Charlie Vastine who had taken appellant's prints on February 5, 1970, the date the instant trial commenced, had died the day prior to his testimony on February 9, 1970. Reed did relate that he was present when the fingerprints were taken and the card bearing the prints, Vastine's signature and date had been locked in a desk to which only he and Vastine had keys and that the card had not to his knowledge been changed or altered. There was no showing that the card had been moved or tampered with or changed in any way. We conclude a proper chain of custody was shown and a proper predicate laid for the introduction of the known fingerprints of the appellant. See Walker v. State, Tex. Cr.App., 470 S.W.2d 669; Wright v. State, Tex.Cr.App., 420 S.W.2d 411, 413.

■ A proper predicate having been laid for the introduction of the known prints and there being a showing that they were identical with the prints in Cause No. 103970 bearing the name of Jackie Childress and that both these sets were identical with the prints in Cause No. 71778 (bearing the name of Jackie Atkins), we conclude the evidence was sufficient to show that appellant was one and the same person so previously convicted.

■ Next, appellant contends the evidence was insufficient to prove that the first prior conviction alleged (Cause No. 71778) occurred and the judgment thereon became final prior to the commission of the offense, resulting in the second prior conviction alleged (Cause No. 103970).

The indictment in Cause No. 103970 filed on February 8, 1963, was introduced.

It alleged the offense of unlawful possession of papaverine occurred "on or about" December 12, 1962.

Houston Police Officer Hightower testified that on December 12, 1962, he had arrested the appellant for possession of papaverine and that she had been formally charged on that date. He did not have any present recollection about testifying in "that case" (which the judgment reflects was a plea of guilty before the court).

Appellant contends that there is nothing to show that the arrest made by Officer Hightower was for the offense made the basis of the conviction in said Cause No. 103970, noting the State is not bound by the date alleged in the indictment. See Article 21.02, V.A.C.C.P.; Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383; Wheat v. State, Tex.Cr.App., 442 S.W.2d 363. She contends the foregoing evidence is insufficient to sustain the allegation that the first prior conviction was a final conviction prior to the commission of the offense which forms the basis of the second prior conviction. We need not pass upon that question.

The first prior conviction (Cause No. 71778) became final on June 15, 1954, no notice of appeal having been given. See Robertson v. State, Tex.Cr.App., 418 S.W. 2d 678; Wheat v. State, supra. And the record shows that the appellant was received by the Texas Prison System (now Department of Corrections) on June 24, 1954.

For the same reason, the second prior conviction became final on February 21, 1964, and the record shows that the appellant was received by the Department of Corrections on March 13, 1964.

In Garay v. State, Tex.Cr.App., 389 S. W.2d 952, it was held that an indictment is not evidence as to when a prior offense was committed other than where there is a final conviction the offense should be presumed to have been committed some time within the period of limitation prior to the filing of the indictment. See also Wheat v. State, supra.

The indictment in the second prior conviction (Cause No. 103970) was filed on February 8, 1963. The statute of limitation for the offense of unlawful possession of a narcotic drug is 3 years. See Article 12.04, V.A.C.C.P. Therefore, it is presumed that the offense made the basis of the second prior conviction occurred between February 8, 1960, and February 8, 1963. The first prior conviction having become final on June 15, 1954, there can be no merit to appellant's contention that there was insufficient evidence to show that the first prior conviction had become final prior to the commission of the offense, resulting in the second prior conviction.

■ Still further, appellant contends the use of a prior narcotic conviction to enhance punishment under Article 63, V.A. P.C., is a violation of constitutional due process since narcotic addiction is an illness and possession of a narcotic is a "mere symptom of an underlying and profound illness." No authority is cited and we note that McSwain v. State, Tex.Cr. App., 403 S.W.2d 432, has been decided adversely to appellant's underlying contention that a prior narcotic conviction cannot be used to enhance punishment under Article 63, supra. See also Feather v. State, 169 Tex.Cr.R. 334, 333 S.W.2d 851. Cf. Ex parte Aaron v. State, 169 Tex.Cr.R. 543, 336 S.W.2d 180; Ex parte Roberts, 171 Tex.Cr.R. 44, 344 S.W.2d 682.

We cannot agree with appellant's final contention that the use of a narcotic conviction under Article 63, supra, constitutes cruel and unusual punishment.

The judgment is affirmed.

ODOM, J., not participating.