TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00640-CR






Daniel Nanez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF IRION COUNTY, 51ST JUDICIAL DISTRICT


NO. CR96-016, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING







 Daniel Nanez appeals from a judgment convicting him of the felony offenses of
indecency with a child, aggravated sexual assault of a child, and sexual assault of a child. See
Tex. Penal Code Ann. §§ 21.11(a)(1); 22.021(a)(2)(B); 22.011(a)(2) (West 1994 & Supp. 1999). 
During the time the offenses were committed, appellant was employed by the Irion County school
district as a band director. The victim was a female student. A jury found Nanez guilty.
Punishment was fixed at imprisonment for ten years for the offense of indecency with a child,
thirty years for the offense of aggravated sexual assault of a child, twenty years for one count of
sexual assault of a child, and ten years each for the remaining two counts of sexual assault of a
child. Appellant brings five points of error. We will affirm the judgment.

DISCUSSION AND HOLDINGS


 In his first point of error, appellant contends the trial court erred by overruling his
motion to suppress evidence seized during a search of his residence. The search was conducted
pursuant to a search warrant. Appellant argues that the affidavit in support of the warrant did not
state facts sufficient to justify the magistrate's finding of probable cause. See Tex. Code Crim.
Proc. Ann. art. 18.01(b), (c) (West 1977 & Supp. 1999). Specifically, appellant contends the
affidavit did not state when the alleged sexual acts occurred.

 A search warrant may not be issued unless the sworn affidavit sets forth sufficient
facts to establish probable cause: "(1) that a specific offense has been committed, (2) that the
specifically described property or items that are to be searched for or seized constitute evidence
of that offense or evidence that a particular person committed that offense, and (3) that the
property or items constituting evidence to be searched for or seized are located at or on the
particular person, place, or thing to be searched." Tex. Code Crim. Proc. Ann. art. 18.01(c)
(West 1977 & Supp. 1999). 

 To determine whether facts alleged in a probable cause affidavit sufficiently support
a search warrant, one must examine the totality of circumstances. See Ramos v. State, 934
S.W.2d 358, 362-63 (Tex. Crim. App. 1996), cert. denied, 117 S. Ct. 1556 (1997); Illinois v.
Gates, 462 U.S. 213, 234 (1983). Only facts found within the four corners of the affidavit may
be considered. See Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992). Reasonable
inferences may be drawn from the affidavit, however, and the affidavit must be interpreted in a
common sense and realistic manner. See Lagrone v. State, 742 S.W.2d 659, 661 (Tex. Crim.
App. 1987); Carroll v. State, 911 S.W.2d 210, 216 (Tex. App.--Austin 1995, no pet.).

 A police investigator verified the affidavit on September 10, 1996, and a warrant
was issued the same day to search appellant's house. The investigator had interviewed the victim,
an eleventh-grade student at Irion County High School. The affidavit states as follows: appellant
began improperly "hugging and touching" the victim when she was in the eighth grade; appellant
eventually had intercourse with the victim in the school band-hall storeroom, in various hotels in
San Angelo, and during school band trips; on some occasions, appellant recorded the sex acts on
videotape; during telephone conversations with the victim, appellant asked her to "talk dirty to
him" and told her he was watching their sex videos; appellant asked the victim to write him
letters, "both friendly and obscene"; she wrote him one letter; and the victim wrote appellant
letters and notes "after she started school in 1996." (emphasis added).

 The affidavit specifically describes various items that constitute evidence of the
offenses, including: video-cassette recordings, video-recording devices, audio-cassette tapes, an
audio-cassette recorder, letters and notes written by appellant to the victim, letters and notes
written by the victim to appellant, a typewriter, and a computer and printer. The affiant swore
that "based on her training and experience," she knew that "pedophiles store information about
general and specific pedophilia on computer disks and that audio cassette recordings are made to
record telephone conversations."

 In determining whether the magistrate drew reasonable inferences from the facts
and circumstances related in the affidavit, we should accord serious deference to the magistrate's
determination. See Bower v. State, 769 S.W.2d 887, 902 (Tex. Crim. App. 1989), cert. denied,
50 U.S. 835 (1992), rev'd on other grounds, Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App.
1991); Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). From the sworn
allegations contained in the affidavit, the magistrate could reasonably have inferred that letters and
notes evidencing an illegal sexual relationship between appellant and the victim had been
exchanged as recently as a few weeks before the affidavit date of September 10, 1996. Although
the affidavit does not specifically allege a recent sexual encounter between appellant and the
victim, the amount of time permitted to elapse, without destroying the basis for a reasonable belief
as to the continuation of the situation set forth in the affidavit, will vary according to the facts of
the individual case. See Bower, 769 S.W.2d at 902; Moore v. State, 456 S.W.2d 114, 115 (Tex.
Crim. App. 1970). If facts alleged in the affidavit are closely related to the time of the issuance
of the warrant, they can justify a finding of probable cause at that time. See Heredia v. State, 468
S.W.2d 833, 835 (Tex. Crim. App. 1971). 

 We believe the magistrate was justified in his conclusion that the affidavit set forth
sufficient facts to establish probable cause that specific offenses had been committed and that the
evidentiary items described would be found at appellant's residence. We overrule appellant's first
point of error.

 In his second point of error, appellant contends the trial court erred in refusing to
allow appellant's lawyer to review the file of an expert witness, called by the State, after the expert
had testified. See Tex. R. Crim. Evid. 611. Rule 611 provides that if a "witness uses a writing
to refresh his memory for the purpose of testifying either while testifying or before testifying, an
adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine
the witness thereon, and to introduce in evidence those portions which relate to the testimony of
the witness." Tex. R. Crim. Evid. 611 (emphasis added).

 Appellant was entitled to the contents of the expert's file only if the expert used the
contents to refresh his memory. Because there is no evidence in the record to establish that the
expert did in fact use the contents of his file to refresh his memory, before or during his testimony,
the trial court did not err. See Pondexter v. State, 942 S.W.2d 577, 582 (Tex. Crim. App. 1996);
Robertson v. State, 871 S.W.2d 701, 708 (Tex. Crim. App. 1993). We overrule appellant's
second point of error.

 In his third point of error, appellant contends the trial court erred in admitting
testimony, during the guilt-innocence portion of trial, of an extraneous act committed by appellant
against the victim. Appellant objected to the testimony on the ground that it violated Rule 404(b)
of the Texas Rules of Criminal Evidence. Rule 404(b) provides, in part, that "[e]vidence of other
crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that
he acted in conformity therewith." Tex. R. Crim. Evid. 404(b).

 In response to appellant's objection, the State contended the evidence of appellant's
extraneous act was admissible under article 38.37 of the Texas Code of Criminal Procedure. 
Article 38.37, as it applies to the present case, provides that notwithstanding Rule 404 of the
Texas Rules of Criminal Evidence "evidence of other crimes, wrongs, or acts committed by the
defendant against the child who is the victim of [an offense under Chapter 21 and 22 of the Penal
Code] shall be admitted for its bearing on relevant matters." Tex. Code Crim. Proc. Ann. art.
38.37 (West Supp. 1999). The trial court overruled appellant's objection. The victim testified
that appellant requested she have sex with another student in the band hall while appellant
watched.

 On appeal, appellant argues that article 38.37 refers solely to acts committed by
appellant against the victim personally. He contends that even if appellant asked the victim to have
sex with a third person, the act never took place; therefore, the appellant's request was not a
crime, wrong, or act committed by appellant against the victim. Article 38.37 is a relatively new
statute, and our research has not revealed any opinion addressing the scope of the statute in a
meaningful way. Nonetheless, the logical relevance of extraneous-act evidence in child sexual
abuse cases has been discussed in helpful terms in two opinions that predate the statute.

 In Battles v. State, 140 S.W. 783 (Tex. Crim. App. 1911), evidence of a
defendant's extraneous conduct toward a child victim, while not criminal in nature, was admitted
to show the probability of the charged offense and the motive and purpose of the defendant. See
Battles, 140 S.W. at 785. In Johns v. State, 236 S.W.2d 820 (Tex. Crim. App. 1951), the court
stated that acts evidencing a desire for sexual gratification toward a child victim are admissible to
show how one in a position of authority "has failed in such duty and has adopted an unnatural
attitude" toward the child victim. Johns, 236 S.W.2d at 823.

 The victim's testimony showed appellant committed an act--he requested that the
victim perform sexual acts with a third person. See Tex. Penal Code Ann. § 15.031 (West 1994). 
Article 38.37 specifically refers to the admissibility of extraneous-act evidence to show "the state
of mind of the defendant and the child" and "the previous and subsequent relationship between
the defendant and the child." Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 1999). 
Because the testimony tends to show the appellant's state of mind and the nature of the relationship
between appellant and the victim, we find the trial judge did not abuse his discretion in admitting
the evidence.

 After the trial court overruled appellant's Rule 404(b) objection, appellant objected
on the basis of Texas Rule of Criminal Evidence 403. The court overruled the objection. 
Appellant contends the trial court erred in allowing the extraneous-act testimony because the
probative value of the testimony, regarding a request for sexual acts to be performed with a third
person, was substantially outweighed by the danger of unfair prejudice.

 Article 38.37 of the Code of Criminal Procedure does not exempt extraneous-act
evidence from the requirements of Rule 403 of the Texas Rules of Criminal Evidence. The
following standard set forth in Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990)
(op. on reh.), governs our review of the trial court's action in admitting evidence: "[A]s long as
the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court
will not intercede." Id. at 391. We hold the trial judge did not abuse his discretion in concluding
that the probative value of the evidence of the extraneous act was not substantially outweighed by
the danger of unfair prejudice. Appellant's third point of error is overruled.

 In his fourth point of error, appellant contends the evidence was insufficient to
prove venue in Irion County on counts five and six of the indictment. Tex. Code Crim. Proc.
Ann. art. 13.17 (West 1977). Counts five and six allege appellant sexually assaulted the victim
in Irion County "on or about" September 15, 1995 (count five), and April 27, 1996 (count six).

 Appellant argues that the only evidence of a sexual encounter between appellant and
victim during September 1995 was the victim's testimony that she and appellant had sex at a motel
in Tom Green County on September 30, 1995. Moreover, appellant argues the victim testified
that the April 27, 1996, sexual encounter also took place at a motel in Tom Green County.

 Article 13.17 provides that "[t]o sustain the allegation of venue, it shall only be
necessary to prove by the preponderance of the evidence that by reason of the facts in the case,
the county where such prosecution is carried on has venue." Tex. Code Crim. Proc. Ann. art.
13.17 (West 1977). The victim testified that she had sexual intercourse with appellant in Irion
County in the spring and fall of 1994, the spring and fall of 1995, and the spring of 1996.

 The State is not bound by the date alleged in the indictment and a conviction may
rest on evidence that the offenses were committed before the return of the indictment and within
the applicable period of limitations. See Ex Parte Goodbread, 967 S.W.2d 859, 864-65 (Tex.
Crim. App. 1998). The indictment in appellant's case was returned October 22, 1996, and the
evidence shows the commission of offenses within the ten years specified for sexual-assault
offenses under Texas Code of Criminal Procedure article 12.01, § 5(B). Tex. Code Crim. Proc.
Ann. art. 12.01, § 5(B) (West Supp. 1999). We overrule appellant's fourth point of error.

 In his fifth and final point of error, appellant contends the trial court erred in
admitting testimony, during the punishment portion of the trial, regarding appellant's sexual
advances toward three female students other than the victim, without first balancing the probative
value of the testimony against the danger of unfair prejudice. Tex. R. Crim. Evid. 403. We
assume the balancing-test was applied. See Williams v. State, 958 S.W.2d 186, 195 (Tex. Crim.
App. 1997). Applying the Montgomery standard, we hold the trial judge did not abuse his
discretion in concluding that the probative value of the testimony was not substantially outweighed
by the danger of unfair prejudice. See Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App.
1990). We overrule appellant's fifth point of error.

 We affirm the judgment of the trial court.



 

 John Powers, Justice

Before Chief Justice Aboussie, Justices Powers and Kidd

Affirmed

Filed: December 29, 1998

Do Not Publish



Texas Rule of Criminal Evidence 403. The court overruled the objection. 
Appellant contends the trial court erred in allowing the extraneous-act testimony because the
probative value of the testimony, regarding a request for sexual acts to be performed with a third
person, was substantially outweighed by the danger of unfair prejudice.

 Article 38.37 of the Code of Criminal Procedure does not exempt extraneous-act
evidence from the requirements of Rule 403 of the Texas Rules of Criminal Evidence. The
following standard set forth in Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990)
(op. on reh.), governs our review of the trial court's action in admitting evidence: "[A]s long as
the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court
will not intercede." Id. at 391. We hold the trial judge did not abuse his discretion in concluding
that the probative value of the evidence of the extraneous act was not substantially outweighed by
the danger of unfair prejudice. Appellant's third point of error is overruled.

 In his fourth point of error, appellant contends the evidence was insufficient to
prove venue in Irion County on counts five and six of the indictment. Tex. Code Crim. Proc.
Ann. art. 13.17 (West 1977). Counts five and six allege appellant sexually assaulted the victim
in Irion County "on or about" September 15, 1995 (count five), and April 27, 1996 (count six).

 Appellant argues that the only evidence of a sexual encounter between appellant and
victim during September 1995 was the victim's testimony that she and appellant had sex at a motel
in Tom Green County on September 30, 1995. Moreover, appellant argues the victim testified
that the April 27, 1996, sexual encounter also took place at a motel in Tom Green County.

 Article 13.17 provid