

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00247-CR

Roderick **SUTTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 12-0275-CR
The Honorable Charles Ramsay, Judge Presiding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  March 12, 2014

AFFIRMED AS MODIFIED

Roderick Sutton was convicted by a jury of one count of delivery of a controlled substance

and one count of possession of a controlled substance.  On appeal, Sutton contends the judgments[2]

erroneously assess attorney's fees as costs and misstate the date on which his sentences were

imposed.[3]  Sutton also contends the trial court erred in denying his motion to suppress.  We modify

---

[1] The Honorable W.C. Kirkendall denied the motion to suppress in the underlying cause.  The Honorable Charles Ramsay presided over the trial and signed the judgments.
[2] A separate judgment was signed as to each count.
[3] The State waived its right to file a brief in response to these issues.

the trial court's judgments to delete the assessment of attorney's fees as costs and to correct the date on which Sutton's sentences were imposed. We affirm the judgments as modified.

### ASSESSMENT OF ATTORNEY'S FEES AS COSTS

Sutton was appointed counsel to represent him in the underlying cause on March 6, 2012. The order appointing counsel states that "the Defendant is too poor to employ counsel for [his] defense." On January 25, 2013, Sutton retained counsel to represent him, which was three days before trial was scheduled to begin. Sutton's retained counsel was granted a continuance, and trial began on April 1, 2013. The trial concluded and sentence was verbally pronounced on April 3, 2013; however, the trial court did not assess costs in its verbal pronouncement of the sentence.

On April 4, 2013, Sutton's retained counsel filed a motion to withdraw, stating that he was retained "to perform pre-trial and jury trial legal services." The motion further stated:

> Movant believes that his client has no further financial resources to file a motion for new trial or perfect an appeal in this matter. Movant has been informed by his client that he desires to appeal his conviction and sentence of fifteen years, but does not have the financial resources to proceed any further with the case.

The record also contains an undated affidavit of indigency; however, the word "Appeal" is handwritten at the top of the affidavit. In the affidavit, Sutton states he has no income or assets. On the same day the motion to withdraw was filed, the trial court signed an order appointing counsel to represent Sutton on appeal. The order again stated, "the Defendant is too poor to employ counsel." A second order granting retained counsel's motion to withdraw and appointing the same attorney to represent Sutton on appeal was signed on April 10, 2013.

The judgment relating to Sutton's conviction for delivery of a controlled substance was signed on May 8, 2013, and assessed $949.00 in court costs against Sutton. The bill of costs reflects that $505.00 of the court costs were assessed for "court appointed attorney fee."

When a defendant challenges the assessment of attorney's fees as costs on appeal, we must consider whether the record contains sufficient evidence to support the assessment. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). A court may assess the fees of an appointed attorney against a convicted defendant as court costs if the court "finds the defendant is able to pay." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id*. at art. 26.04(p).

Arguably, in this case, the record would support a finding of a material change in Sutton's financial circumstances based on his ability to retain counsel. In order to assess attorney's fees against Sutton as court costs following his conviction, however, the trial court was required to find that Sutton "is" able to pay the fees. *Id*. at art. 26.05(g). Because the trial court determined that Sutton was too poor to employ counsel on April 4, 2013, prior to its assessment of the costs in its judgment, the record does not support a finding that Sutton "is" able to pay the fees. Accordingly, we modify the trial court's judgment to delete the assessment of attorney's fees.[4]

### DATE SENTENCE IMPOSED

This court has the authority to modify incorrect judgments when the necessary information is available to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). In this case, Sutton asserts that the judgments erroneously reflect that his sentence was imposed on April 4, 2013, as opposed to April 3, 2013. The record reflects that the trial concluded and sentence was verbally pronounced on April 3, 2013. Accordingly, we sustain this issue and modify the judgments to reflect that Sutton's sentences were imposed on April 3, 2013.

---

[4] The trial court's withdrawal notification must be similarly modified.

**MOTION TO SUPPRESS**

In his final issue, Sutton contends that the trial court erred in denying his motion to suppress because the search warrant affidavit did not contain any date from which the magistrate could determine that the information in the affidavit was not stale.

"To issue a search warrant, the magistrate must first find probable cause that a particular item will be found in a particular location." *Moreno v. State*, 415 S.W.3d 284, 287 (Tex. Crim. App. 2013). "This process requires [a] magistrate to 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id*. (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

"As a reviewing court, we apply a highly deferential standard to the magistrate's determination because of the constitutional preference that searches be conducted pursuant to a warrant." *Id*. "Accordingly, our duty 'is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed' based on the four corners of the affidavit and reasonable inferences therefrom." *Id*. (quoting *Gates*, 462 U.S. at 238–39). "When in doubt, we defer to all reasonable inferences that the magistrate could have made." *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

In the instant case, Sutton argues that the affidavit supporting the search warrant was undated; therefore, the magistrate could not determine whether the facts alleged in the affidavit were sufficiently close in time to the issuance of the warrant to justify a finding of probable cause. Stated differently, Sutton argues that the magistrate could not determine whether the factual information in the affidavit had become stale given the unknown amount of time that elapsed from

the dates the informant made his observation and the officer obtained the factual information from the informant to the date the warrant was issued.

The Texas Court of Criminal Appeals has stated "that the proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued." *Crider v. State*, 352 S.W.3d 704, 707 (Tex. Crim. App. 2011) (internal citations omitted). "The lack of a specific date in a search-warrant affidavit is not necessarily fatal to the validity of a search warrant." *Steele v. State*, 355 S.W.3d 746, 750 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

In this case, the affidavit supporting the search warrant states that the officer was provided with information from a credible and reliable course that "within the past 48 hours" the defendant was at a specifically identified apartment in possession of a usable amount of cocaine. The jurat on the affidavit omitted the day on which it was executed but stated, "SWORN TO AND SUBSCRIBED BEFORE ME BY SAID AFFIANT ON THE __ DAY OF October, 2011." The search warrant was issued on October 12, 2011. Although the officer who executed the affidavit testified that he took the affidavit to the magistrate immediately after he finished writing it and on the same day the search warrant was issued, Sutton is correct that this testimony cannot be considered because probable cause must be determined from the four corners of the affidavit. *See Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013).

Sutton relies on *Heredia v. State*, 468 S.W.2d 833 (Tex. Crim. App. 1971), to support his argument. In *Heredia*, the only date contained in the affidavit was the date the defendant was observed to have been in possession of heroin by an informant. 468 S.W.2d at 834. The affidavit did not contain the date the affiant officer had spoken with the informant or the dates on which subsequent surveillance was undertaken of the location where the defendant was observed by the

informant. *Id.* Based on the absence of additional dates, the Texas Court of Criminal Appeals held, "It is apparent that the magistrate could not ascertain the closeness of time sufficient to issue the warrant based on an independent judgment of probable cause." *Id.* at 835. The court further noted "the undated jurat on the affidavit vitiates the complaint." *Id.*

Unlike the affidavit in *Heredia*, however, the affidavit in the instant case stated that the informant had observed Sutton in possession of the cocaine and relayed that information to the affiant officer "within the past 48 hours." The magistrate could reasonably infer from that statement that both the observation by the informant and the relaying of the information had occurred within the 48 hours preceding the presentment of the affidavit to the magistrate. *See State v. McLain*, 337 S.W.3d at 274 (holding magistrate could infer informant observed defendant with methamphetamine and relayed information to officer within previous 72 hours because affidavit referred to informant advising officer that defendant was seen with methamphetamine "[i]n the past 72 hours"). "[W]e defer to all reasonable inferences that the magistrate could have made." *State v. McLain*, 337 S.W.3d at 271. In view of this permissible inference, the facts supporting the search warrant had not become stale.

With regard to the unsigned jurat, the Houston Court of Appeals has "addressed the continued viability of the holding in *Heredia* in view of article 38.23(b) of the Texas Code of Criminal Procedure." *Daniel v. State*, No. 04-02-00484-CR, 2003 WL 22015441, at *1 (Tex. App.—San Antonio Aug. 27, 2003, pet. stricken) (not designated for publication) (citing *Forcha v. State*, 894 S.W.2d 506, 510 (Tex. App.—Houston [1st Dist.] 1995, no pet.)). "The *Forcha* court noted that *Heredia* was decided before the enactment of article 38.23(b)." *Id.* Article 38.23(b) provides:

> It is an exception to the provisions of Subsection (a) of this Article [providing for the exclusion of evidence obtained in violation of law] that the evidence was

obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate on probable cause.

TEX. CODE CRIM. PROC. ANN. art. 38.23(b) (West 2005). "Applying article 38.23(b), the *Forcha* court concluded that if the affidavit supporting the warrant established probable cause, the failure to date the affidavit did not negate a police officer's objective good faith reliance on the warrant, and evidence seized based on that good faith reliance was admissible." *Daniel*, 2003 WL 22015441, at \*1. "The same analysis applies in this case." *Id.* Having rejected Sutton's contention that the affidavit failed to establish probable cause because the facts were stale, "the trial court did not abuse its discretion in denying the motion to suppress because the failure to date the affidavit did not negate the police officers' objective good faith reliance on the warrant." *Id.*

Sutton contends that the affiant officer in this case could not rely on the good faith exception because he created the problem by failing to date the affidavit. The magistrate, however, was responsible for dating the jurat, and we hold that the affiant officer's failure to notice that the magistrate had not inserted the day into the date of the jurat did not preclude the officer's reliance on the good faith exception.

**CONCLUSION**

The trial court's judgments are modified to delete the assessment of $505.00 in attorney's fees as costs and to reflect that the sentences were imposed on April 3, 2013. The judgments are affirmed as modified.

Catherine Stone, Chief Justice

DO NOT PUBLISH