## No. 6058.

## W. L. ROBERTSON *v.* THE STATE.

JURAT—COMPLAINT, unless authenticated by the jurat of the officer before
whom it was made, will not support an information. Such a jurat is
the certificate of the officer, signed *officially* by him, and stating that
the affiant subscribed and swore to the complaint before him. An
illegible pen-and-ink scrawl will not suffice to designate an official signature.

APPEAL from the County Court of Bell. Tried below before
the Hon. J. M. Roseborough, County Judge.

The conviction was for carrying a pistol, and the penalty assessed was a fine of twenty-five dollars and confinement in the
county jail for twenty days.

*Monteith & Furman,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. A complaint without a jurat will not support an information. (Scott v. The State, 9 Texas Ct. App. 434.)
A jurat is the certificate of the officer before whom the complaint is made, stating that the same was sworn to and subscribed by the affiant before him, and it must be signed officially
by such officer.

In this case the original paper which purports to be the complaint upon which the information is based is sent up with and
incorporated in the record. Upon an inspection of it we find
that it is not verified by a jurat. What purports to be a jurat is
signed "W. H. Edell," and following this name are some few
marks which resemble the letter W more than any other letter
or letters. This certainly does not constitute an official signature, and adds no more verity to the paper than if there had
been no signature whatever thereto. It will not do for the courts
to sustain such loose practice in proceedings which jeopardize
the liberty of the citizen.

Because the complaint is fatally defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*