## A. M. CRAIG v. THE STATE.

### No. 7545. Decided May 18.

**Official Misconduct—Drunkenness—Jurisdiction.**—Drunkenness in office, as that offense is defined and punished by the Penal Code, articles 141 to 144, does not involve such "official misconduct" as under our Constitution (article 5, section 8) and laws (Revised Statutes, articles 3388–3393), can only be tried in the District Court. Drunkenness in and of itself does not indicate corruption, or willful neglect or failure of duty, and is therefore not included in the term "official misconduct," and therefore the offense is properly within the jurisdiction of the County Court.

APPEAL from the County Court of Haskell. Tried below before Hon. H. G. McCONNELL, County Judge.

Appellant was tried under an indictment charging him with drunkenness, to such an extent as to incapacitate him from discharging the duties of such office, he being district attorney of the Thirty-ninth Judicial District of the State of Texas. The indictment was transferred from the District to the County Court for trial. In the County Court the appellant filed a plea to the jurisdiction, upon the ground that the District Court alone had jurisdiction of the offense charged under the Constitution and laws of the State. This plea was overruled, and on trial of the case appellant was convicted and his punishment assessed at a fine of $50. On this appeal the only question discussed is the plea to the jurisdiction.

*Ed J. Hamner* and *J. F. Cunningham, Jr.*, for appellant, propounded the following proposition and authorities: Drunkenness in office is a misdemeanor, involving official misconduct, and the District Court alone has jurisdiction. Brackenridge v. The State, 27 Texas Ct. App., 531; Const., art. 5, sec. 8; Rev. Stats., art. 3388; Code Crim. Proc., art. 70; Hatch v. The State, 10 Texas Ct. App., 515; Penal Code, arts. 141, 142.

No brief on file for the State.

DAVIDSON, JUDGE.—Appellant was tried and convicted in the County Court, under an indictment, certified to that court from the District Court, charging him with drunkenness in office. Penal Code, arts. 141, 144.

A plea to the jurisdiction of the court was interposed by appellant on the theory that the offense charged involved official misconduct, and therefore could only be tried in the District Court. Const., art. 5, sec. 8. Article 3388, Revised Statutes, provides, that "all convictions by a petit jury of any county officer for any felony, or for any misdemeanor involving official misconduct, shall work an immediate removal from office

of the officer so convicted; and such judgment of conviction shall, in every instance, embody within it an order removing such officer."

Article 3393, Revised Statutes, declares, that " by 'official misconduct,' as used in this title with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, willful in its character, of any officer intrusted in any manner with the administration of justice or the execution of the laws; and under this head of official misconduct are included any willful and corrupt failure, refusal, or neglect of an officer to perform any duty enjoined on him by law."

Article 3397, Revised Statutes, is as follows:  "By 'drunkenness not amounting to habitual drunkenness,' as named in this chapter in connection with county officers, is meant the immoderate use of spirituous, vinous, and malt liquors to such a degree as to incapacitate the officer for the time being, or permanently, from the discharge of the duties of his office."

It is evident from the foregoing statutory provisions that " official misconduct" grows out of a willful or corrupt failure, refusal, or neglect of the officer to perform a duty enjoined on him by law, or out of some willful or unlawful behavior on his part in relation to the duties of his office; while, on the other hand, drunkenness relates alone to his incapacity to discharge the duties of such office.   One relates to willful or corrupt acts or omissions in relation to the duties of his office, the other to a mental incapacity disabling him from discharging such duties.   One has its basis in a wicked and corrupt mind, the other in mental incapacity.   Drunkenness, in and of itself, does not indicate corruption, or willful neglect, or failure of duty, and is therefore not included in the meaning of the term " official misconduct," as defined by statute.   The provisions of the statute authorizing removals from office, on account of offenses involving official misconduct, do not extend to cases of drunkenness per se.

In counties where the County Court exercises criminal jurisdiction, in order to confer jurisdiction upon the District Court to try misdemeanors, the cause must be one in which official misconduct is involved, and out of which the prosecution grows; otherwise jurisdiction does not attach in the District Court.   In such cases it becomes the duty of the District Court to transfer the indictment to the County Court, as was done in this case. The District Court did not err in transferring this cause to the County Court for trial, nor did the County Court err in overruling the plea to the jurisdiction.   The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.