### JAMES E. BOLTON v. STATE.

No. 2246.    Decided March 12, 1913.

**1.—Official Misconduct—Misdemeanor—Jurisdiction—Constitutional Law.**

Under Section 8, Article 5, Constitution of Texas, and Article 89, Code Criminal Procedure, the District Court has exclusive jurisdiction to try all misdemeanors involving official misconduct.

**2.—Same—Official Misconduct—Definition.**

Both under the statutory and common law definition, official misconduct includes the failure to perform any and all acts required by law to be performed by such officer.

**3.—Same—Case Stated—Jurisdiction—District Court—County Court.**

Where defendant was indicted as a tax assessor of Dallas County for failure to make the report required by law showing the fees collected by him, etc., it was error to transfer the case to the County Court, as the District Court has the exclusive jurisdiction thereof.

**4.—Same—Indictment—Statutes Construed.**

An indictment charging the tax assessor for failure to make the report required by law showing the fees collected by him, etc., should allege that the county of the prosecution had more than fifteen thousand population.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of official misconduct; penalty, a fine of $100.

The opinion states the case.

*Samuel & Adams,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of official misconduct: Craig v. State, 31 Texas Crim. Rep., 29.

HARPER, JUDGE.—In this case the appellant was alleged to be tax assessor of Dallas County on December 1, 1911, and that he failed to make the report required by law showing the fees collected by him for the fiscal year beginning December 1, 1910, and ending November 30, 1911. On the trial he was convicted, and his punishment assessed at a fine of $100.

When the indictment was returned into the Criminal District Court of Dallas County on the 7th day of May, 1912, the judge of the court transferred the case to the County Court of Dallas County at law. On the trial of the case in the County Court appellant did not plead to the jurisdiction of the County Court, but he has filed in this court a motion alleging that the indictment charged him with official misconduct and that the County Court has no jurisdiction of that offense, but the jurisdiction is conferred on the District Court by the Constitution and laws of this State. There can be no question but that Section 8 of Article 5, of the Constitution, confers on the District Court's jurisdiction to try all misdemeanors involving official misconduct, and that Article 89 of the Code of Criminal Procedure provides: "The District Court shall have exclusive jurisdiction in cases of misdemeanor involving official misconduct."

So the question here to be decided is, does the indictment allege that appellant was guilty of official misconduct? If so, the County Court had no jurisdiction over this offense, and its judgment is a nullity.

What is meant by the words "official misconduct" in our Constitution and Code has been the subject of judicial inquiry in this State in a number of cases. In the case of Watson v. State, 9 Texas Crim. App., 215, this court held that this provision of the Constitution related to only such misdemeanors "that involve unlawful official behavior, willful or corrupt in its nature, whether an act of omission or commission," involving moral turpitude, but in the case of Hatch v. State, 10 Texas Crim. App., 515, that case was overruled insofar as it held that the County Court had jurisdiction to try an official for failure to perform any duty required of him by law, and held that such acts were "official misconduct" within the purview of the Constitution and Code, and the District Court alone had jurisdiction of such offenses. This latter case seems to be more in consonance with the definition of "official misconduct" contained in the statutes of this State. Article 6033 of the Civil Code provides that, under the head of "official misconduct" shall be included any willful failure, refusal or neglect of an officer to perform any duty enjoined on him by law. Inasmuch as the law makes it the duty of the assessor to make this report, and makes it a misdemeanor for him to fail to do so, we are of the opinion that such failure renders him guilty of "official misconduct," and that the County Court had no jurisdiction of this offense.

In Mecham on Public Offices, sec. 437, it is said: "The official doing of a wrongful act, or the officer's neglect to do an act which ought to have been done, will constitute official misconduct, although there was no corrupt or malicious motive." This rule is also approved in Thorp on Public Offices, sec. 855. Thus it is seen that whether we turn to the statutory definition of "official misconduct," or the common law definition, these words seem to include the failure to perform any and all acts required by law to be performed, and if such be the case, then under our Constitution and laws the County Court had no jurisdiction to try appellant for this offense, but the District Court has exclusive jurisdiction. Therefore, the case is reversed and remanded, with instructions to the County Court to retransfer this case to the Criminal District Court of Dallas County in which the indictment was returned by the grand jury.

There are other questions raised by appellant, but as the County Court had no jurisdiction to try this offense, we do not deem them before this court in a way we should review them. However, we will add, we think the indictment should have alleged that Dallas County was a county of the population named in the Act in which officers are required to make a report, that is, more than 15,000 population.

Reversed and remanded with instructions to retransfer the case to the Criminal District Court.

*Reversed and remanded.*