### SIMPSON v. STATE.
### No. 20661.

Court of Criminal Appeals of Texas.
Jan. 3, 1940.

Rehearing Denied March 20, 1940.

C. E. Smith, William H. Scott, Percy Foreman, and L. R. Renfrow, all of Houston, for appellant.

W. L. Cook, Asst. Cr. Dist. Atty., of Houston, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from the judgment of the County Court of Harris County finding appellant guilty of using violent means to induce a confession; penalty assessed at a fine of $200 and confinement in the county jail for 30 days.

Several issues are brought to this court, one of which involves the jurisdiction of the County Court over the offense alleged. The determination of that issue turns upon the question of whether or not a policeman of a city is a public official and upon the further question as to whether or not the conduct alleged was "official misconduct".

It is held by the authorities in Texas that a city has the right to pass ordinances creating the office of policemen and that when they are so created they become officers of the State. It has also been held, not only in this state but in other jurisdictions, that a policeman is a public official. See Whitfield y. Paris, 84 Tex. 431, 19 S.W. 566, 15 L.R.A. 783, 31 Am. St.Rep. 69; Givens v. Paris, 5 Tex.Civ. App. 705, 24 S.W. 974; Ex parte Preston, 72 Tex.Cr.R. 17, 161 S.W. 115, 116. In the case last mentioned this court quoted from 28 Cyc. 487, as follows: "A policeman of a city is a public officer holding his office as a trust from the state, and not as a matter of contract between himself and the city."

The next question for consideration is whether or not the acts testified to by the prosecuting witness and relied upon by the State are such as to constitute "official misconduct". The prosecution is based upon Art. 1157, Penal Code 1925, which reads as follows: "Any * * * policeman, or any other officer having under arrest or in his custody any person as a prisoner who shall torture, torment or punish such person by inflicting upon him any physical or mental pain for the purpose of making or attempting to make such person confess to any knowledge of the commission of any offense against the laws of this State, shall be fined not less than one dollar nor more than one thousand dollars or be imprisoned in jail not to exceed one year, or both such fine and imprisonment," etc.

The prosecution was first instituted in the District Court but was by order removed to the County Court where the trial was had. The prosecuting witness, Robert Lyons, testified that he had been taken in custody by the police of the city of Houston and carried to the city jail. At the time of the incidents upon which the prosecution is based, M. M. Simpson, the appellant, was occupying the position of senior captain of detectives and occupied an office on the third floor of the police station. Lyons was brought to the appellant's office and there, according to the State's testimony, he was beaten and badly bruised in an effort to force him to confess to the commission of a robbery which had taken place at a certain rooming house in the city. The appellant was acting within the scope of his official duties in receiving from Lyons such confession as he desired to make. However, if he used force and abuse as testified to by Lyons to compel him to do so, there would be no difficulty in recognizing it as "official misconduct". That being true, even though the case be a misdemeanor, the jurisdiction to try it is lodged in the District Court under Art. 5, Sec. 8, of the Constitution of Texas, Vernon's Ann.St.Const. This being the holding of the court, it follows that we are presently without jurisdiction to consider the case or any other question involved in it other than to reverse the case and direct that it be transferred to

the District Court of Harris County for further orders, which is accordingly done.

### On Motion for Rehearing

HAWKINS, Presiding Judge.

Through the Assistant District Attorney of Harris County, the State has filed a motion for rehearing predicated on the contention that the County Court has concurrent jurisdiction with the District Court in cases involving official misconduct.

Article 5, Section 8 of our State Constitution, Vernon's Ann.St., reads in part: "The District Court shall have original jurisdiction in all criminal cases of the grade of felony; * * * of all misdemeanors involving official misconduct; * * ."

Article 5, Section 16, reads in part: "The County Court shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the Justices Court as the same is now or may hereafter be prescribed by law * * * ."

We are also cited in the State's motion to Articles 54 and 56, C. C. P., and to a number of cases which state the rule as to statutory construction. They are interesting, but we think it unnecessary to go beyond our own court to solve the question under consideration. In Watson v. State, 9 Tex.App. 212, this court in effect construed the Constitution and the statutory provisions as now insisted upon by the State. The Watson case was decided in 1880. The next year the same question was again before the court in Hatch v. State, 10 Tex.App. 515, and the holding in Watson's case was expressly overruled on the point here involved. We quote from the opinion in Hatch's case as follows:

 "In our opinion the language of the Constitution, as follows: 'The District Court shall have original jurisdiction in criminal cases of the grade of felony; of all suits in behalf of the State to recover penalties, forfeitures and escheats; of all cases of divorce; in cases of misdemeanors involving official misconduct, as well as suits for slander and suits for the trial of title to land and the other matters of jurisdiction mentioned in sec. 8 of the judiciary article of the Constitution (article 5), is too plain to admit of or require construction or interpretation. By this section suits for the trial of title to land, suits for divorce, and criminal cases of the grade of felony are all placed in the·

same category as cases of misdemeanors involving official misconduct. The jurisdiction as to one is the same as the others, and is as exclusive in the one as the others. The provision of section 16, article 5, which gives to the County Court 'original jurisdiction in all misdemeanors of which exclusive original jurisdiction is not given to the justice's court, as the same are now or may be hereafter prescribed by law, and when the fine to be imposed shall exceed two hundred dollars,' must be held to relate to other misdemeanors than such as involve official misconduct, for the reason that jurisdiction of this class of misdemeanors is conferred by name on the District Court."

The State's motion resolves itself into a request for us to overrule the Hatch case. A conviction for an offense involving "official misconduct" is so far reaching in its consequences that the framers of our Constitution may well have considered the result and for that reason in their wisdom lodged jurisdiction to try such offenses in the District Court.

We are inclined to adhere to the announcement in Hatch's case.

The motion for rehearing is overruled.