WILLIAM GEORGE BROWN V. STATE

No. 28,496. October 24, 1956.

*William G. Brown,* San Antonio, for appellant.

*Terry L. Jacks,* County Attorney, San Marcos, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This prosecution arose in the justice court, and upon appeal to the county court appellant was convicted of a violation of the speed laws of this state, with punishment assessed at a fine of $200.

The jurat to the complaint reads as follows:

"Sworn to and subscribed by R. B. Christian, a credible person, before on or about the 11 day of Oct. A. D. 1955."

The attack thereon is twofold: (a) There is no certain date on which the affidavit was made, the term "before on or about" being vague and indefinite, and (b) the officer before whom the affidavit is alleged to have been made does not certify that it was made before "me."

One of the elements necessary to constitute a valid jurat to a complaint is that it be shown that it was sworn to and subscribed by the affiant before the officer administering the oath.

In Carpenter v. State, 153 Tex. Cr. R. 99, 218 S.W. 2d 207, this court reannounced the holding in Robertson v. State, 25 Tex. App. 529, 8 S.W. 659, that "A jurat is the certificate of the officer before whom the complaint is made, stating that the same was sworn to and subscribed by the affiant before him * * *."

In order to be sufficient, the jurat must be dated. Ex parte Day, 125 Tex. Cr. R. 8, 66 S.W. 2d 695.

Here, the date of the jurat is *before on or about* the 11 day of Oct. A.D. 1955." The term "before on or about" is indefinite.

The defective jurat vitiates the complaint.

For the reason stated, the judgment is reversed and the prosecution ordered dismissed.