Phillip EMERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0589–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1983.

Allen Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

The appellant was indicted and tried for the misdemeanor offense of "official oppression" under TEX.PENAL CODE ANN. sec. 39.02 (Vernon 1974). The indictment alleged, in effect, that the appellant, while acting as a Houston police officer, unlawfully detained the female complainant "in order to pressure and persuade her to engage in sexual intercourse with him." The appellant pleaded not guilty to the charge. A jury found the appellant guilty of the offense and assessed his punishment at one year's confinement in the county jail and a fine of $2,000.

The appellant does not challenge the sufficiency of the evidence to support his conviction. In two grounds of error he contends that the conviction should be reversed because (1) the district court lacked jurisdiction to hear the matter, and (2) the charge to the jury applying the law to the facts was fatally defective due to its omission of an instruction on the required culpable mental state.

We affirm the trial court's judgment.

The appellant challenges the jurisdiction of the district court to hear the charge against him because the offense of official oppression is a misdemeanor. He concedes that district courts have jurisdiction of all misdemeanors involving "official misconduct," TEX. CONST. art. V, sec. 8 (Vernon Supp.1982); TEX.CODE CRIM.PROC. ANN. art. 4.05 (Vernon 1977), but he insists that the acts alleged against him did not involve official misconduct.

Prior to the adoption of the Texas Penal Code in 1974, the only statutory definition of "official misconduct" was found in TEX. REV.CIV.STAT.ANN. art. 5973 (Vernon 1962). That statute has reference to another civil statute pertaining to the removal of county officers for "official misconduct," TEX.REV.CIV.STAT.ANN. art. 5968 (Vernon 1962). Nevertheless, this statutory definition was quoted by the Court of Criminal Appeals when it construed the jurisdictional grant of art. 4.05 in a case deciding a district court's jurisdiction over a misdemeanor theft charge involving a city warrant officer. *Robinson v. State,* 470 S.W.2d 697, 699 (Tex.Cr.App.1971). Art. 5973 defines official misconduct as:

> any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the law; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law.

When the Penal Code was adopted in 1974, the legislature grouped several criminal offenses under the heading of "official misconduct." TEX.PENAL CODE ANN. sec. 39.01 (Vernon 1974). A separate category of offenses was listed under the heading of "official oppression." TEX.PENAL CODE ANN. sec. 39.02, *supra.* The appellant contends that the definition of official misconduct, as stated in *Robinson, supra,* no longer applies to offenses described under the heading "official oppression," and that since the adoption of the Penal Code in 1974, all offenses listed under the heading "official oppression" are now excluded from the category of "official misconduct." Thus, he argues that the jurisdiction of a

district court to hear a misdemeanor criminal charge involving official misconduct is restricted to that conduct defined as an offense under sec. 39.01.

In response to this argument the State points out that if the appellant's contentions are accepted, some misdemeanor offenses involving official wrongdoing would have to be tried in the district court because of the label attached to sec. 39.01, while others involving more serious consequences, listed under the heading of sec. 39.02, would have to be tried in the county court. The State argues that an offense may involve official misconduct, regardless of the title of the section under which the offense is listed, and that the purpose for vesting original jurisdiction in the district courts in all misdemeanors involving official misconduct was to equate such offenses with felonies in regard to the seriousness of the offense.

We adopt the reasoning advanced by the State. We conclude that the result advanced by the appellant could not have been contemplated by the legislature when it enacted sec. 39.02 in 1974. Both sections 39.01 and 39.02 are derived, in part, from art. 1157 of the 1925 Penal Code. That statute provided for a fine or jail term, or both, for any "sheriff, deputy sheriff, constable, deputy constable, Texas ranger, city marshal, chief of police, policeman, or any other officer" guilty of mistreating a person in his custody. Act of March 24, 1923, ch. 129, sec. 1, 1923 Tex.Gen.Laws 269, *repealed* by Penal Code Act, ch. 399, sec. 3, 1973, Tex.Gen.Laws 883, 993. The Court of Criminal Appeals has held that the district court had not only original, but also exclusive jurisdiction over all cases brought under the provisions of art. 1157. *Simpson v. State,* 138 Tex.Cr.R. 622, 137 S.W.2d 1035 (1940). The court reasoned:

> [a] conviction for an offense involving "official misconduct" is so far reaching in its consequences that the framers of our Constitution may well have considered the result and for that reason in their

wisdom lodged jurisdiction to try such offenses in the District Court.

*Id.* 137 S.W.2d at 1037 (on rehearing).

The appellant in the case at bar was convicted of an offense which is no less official misconduct than any conduct chargeable under sec. 39.01, and, as we have stated, the same conduct condemned by art. 1157 is now made punishable under sec. 39.02. Thus, there is no logical basis for making any jurisdictional distinction between the types of offenses listed under sec. 39.01 and those listed under sec. 39.02.

In *Popham v. State,* 154 Tex.Cr.R. 529, 228 S.W.2d 857, 858 (1950), the court stated:

> The name of a Title is merely a convenience for the purpose of classifying a number of offenses which the codifiers selected. *It has no force and effect whatsoever to exclude from that classification any offense other than those placed within it.* (Emphasis added.)

Furthermore, the Code Construction Act expressly provides that title captions do not limit or expand the meaning of any statute. TEX.REV.CIV.STAT.ANN. art. 5429b–2, sec. 3.04 (Vernon Supp.1982).

■ We accordingly hold that the offense charged against the appellant in the instant case is within the ambit of the phrase "official misconduct" as that term is used in the State Constitution and the Code of Criminal Procedure. Thus, the district court had jurisdiction over the proceeding from which this appeal has been taken. Ground of error number one is overruled.

The appellant's complaint of a fundamental defect in the court's charge is based upon the omission of the word "intentionally" in that portion of the charge applying the law to the facts.

TEX.PENAL CODE ANN. sec. 39.02 provides:

> (a) A public servant acting under color of his office or employment commits an offense if he:
>
> (1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful; or

(2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful.
(b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.
(c) An offense under this section is a Class A misdemeanor.

The indictment in the case at bar alleged that the appellant unlawfully:

knowingly and intentionally and while he was a public servant, namely, a Houston Police Officer, and acting under the color of his office and employment, and knowing that his conduct was unlawful, did then and there subject [the complainant] to unlawful detention in that after arresting [the complainant], instead of taking her to jail or before a Magistrate, the Defendant unlawfully detained [the complainant] by driving her around in his car in order to pressure and persuade her to engage in sexual intercourse with him.

The court generally charged the jury as follows:

A public servant acting under color of his office commits an offense if he intentionally subjects another to detention that he knows is unlawful.

So that you may better understand the nature of the offense with which the defendant is charged, I now define certain terms and words.

A Houston Police Officer is a "public servant".

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

"Another" means a person other than the defendant.

A public servant acts under color of his office if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

In applying the law to the facts, the court charged:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Phillip Emerson, on or about the 3rd day of March, 1979, was a public servant, to-wit, a Houston Police Officer, and, in Harris County, Texas, acting under color of his office and employment, and knowing that this conduct was unlawful, did then and there subject [the complainant] to unlawful detention in that after arresting [the complainant], instead of taking her to jail or before a Magistrate, the defendant unlawfuly detained [the complainant] by driving her around in his car in order to pressure and persuade her to engage in sexual intercourse with him, and that such act was unlawful, and that the defendant knew such act to be unlawful, if it was, you will find the defendant guilty.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

In support of his contention that the court's charge is fundamentally defective, the appellant cites four cases: *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App.1982); *Ferguson v. State,* 610 S.W.2d 468 (Tex.Cr. App.1979); *Porter v. State,* 605 S.W.2d 553 (Tex.Cr.App.1979); and *Mendoza v. State,* 577 S.W.2d 240 (Tex.Cr.App.1979). We have concluded that each of the cited cases is distinguishable from the facts involved in this appeal.

In *Doyle,* that portion of the court's charge applying the law to the facts authorized conviction if the defendant committed certain acts and there was no mention in the charge of a culpable mental state. Similarly, in *Ferguson, Porter,* and *Mendoza,*

the court's charge failed to include the required mental state of having acted either "knowingly" or "intentionally," as those terms are hereinafter defined.

TEX.PENAL CODE ANN. sec. 6.03 defines these culpable mental states as follows:

(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

In applying the law to the facts, the court in the instant case instructed the jury that it should find the defendant guilty if it found that he was acting under the color of his office as a police officer on the date in question, and knowing that his conduct was unlawful, subjected the complainant to unlawful detention in order to pressure and persuade her to engage in sexual intercourse with him.

■ Although the court did not use the word "intentionally" in this portion of its charge, the court's charge did adequately require the jury to consider the appellant's "conscious objective," as that term is used in sec. 6.03(a), by instructing the jury to consider whether appellant knowingly and unlawfully detained the complainant "in order to pressure and persuade her to engage in sexual intercourse with him." In its finding that the appellant acted with this conscious objective, the jury necessarily must have determined that the appellant acted intentionally as that term is defined in the Penal Code. Common sense dictates that when the particulars of a defendant's intent have been found by the jury, the statutory requirement of an intentional act has been met. We therefore hold that the charge, though not perfect, was not fundamentally defective.

■ We emphasize that the appellant made no objection to the court's charge, and that the appellant does not contend he was prejudiced by the charge or deprived of a fair trial. Neither the facts of the case nor the appellant suggested that the appellant's act of detaining the complainant was other than intentional. The law presumes that a person intends the natural and probable consequences of his voluntary acts. *Stallings v. State*, 476 S.W.2d 679 (Tex.Cr.App. 1972) and *Duhon v. State*, 136 Tex.Cr.R. 404, 125 S.W.2d 550 (1939). Here, no issue was raised by the evidence as to whether the appellant had acted "intentionally" and it is obvious that the jury's findings would have been the same regardless of whether the word "intentionally" was included in the court's charge. Thus, there was no prejudice to appellant from its omission, and there is no basis for reversal of the trial court's judgment. TEX.CRIM.PROC. CODE ANN. art. 36.19. *See also, Pulgarin v. State*, 635 S.W.2d 195 (Tex.App.—Houston [1st Dist.] 1982, no writ).

The appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.