Dennis RENDON, Appellant,

v.

STATE of Texas, Appellee.

Nos. 13–84–196–CR, 13–84–197–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 8, 1984.

Rehearing Granted Dec. 20, 1984.

Opinion on Motion for Rehearing
and Concurring Opinion on Motion
for Rehearing March 14, 1985.

Discretionary Review Refused
July 3, 1985.

Joseph A. Connors, III, McAllen, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted in this case, and one companion case, of the misdemeanor offense of official oppression and his punishment was assessed by a jury at confinement in the County Jail for ten days. We affirm.

The evidence in this case, viewed in the light most favorable to the verdict, is as follows. Appellant was a peace officer in Cameron County. Two brothers, Gustavo and Teodulo Gonzales, were suspects in a robbery case. Two peace officers (not including appellant) had talked to a witness to the robbery who absolved the Gonzales brothers of any involvement therein. In a confrontation between the Gonzales brothers, appellant and the two other officers, appellant stated that he was not satisfied with the lack of identification of the brothers and caused them to be seized and held in jail for ten to twelve hours. No warrant was issued for their arrest or detention and no charges were ever filed against the Gonzales brothers.

This case was initiated when an information was filed by the District Attorney of Cameron County charging appellant in the following words:

> ... a public servant, namely a Cameron County Deputy Sheriff, and acting under color of his office and employment, and knowing that his conduct was unlawful, did then and there intentionally subject TEODULO GONZALES to arrest by having the said TEODULO GONZALES placed in the Cameron County Jail on the charge of robbery,
>
> AND THE COMPLAINANT AFORESAID, upon Oath in said Court, does further present that DENNIS RENDON, hereinafter called Defendant, a public servant, namely a Cameron County Deputy Sheriff, on or about the 16th day of November, 1981, and anterior to the presentment of this Complaint and Infor-

mation in the County of Cameron and State of Texas, and acting under color of his office and employment, and knowing that his conduct was unlawful, did then and there intentionally subject TEODULO GONZALES to detention by having him placed in the Cameron County Jail on the charge of robbery,

AND THE COMPLAINANT AFORESAID, upon Oath in said Court, does further present that DENNIS RENDON, hereinafter called Defendant, a public servant, namely a Cameron County Deputy Sheriff, on or about the 16th day of November, 1981, and anterior to the presentment of this Complaint and Information in the County of Cameron and State of Texas, and acting under color of his office and employment, and knowing that his conduct was unlawful, did then and there intentionally subject TEODULO GONZALES to arrest by taking the said TEODULO GONZALES from his home and having him handcuffed, ...

In his first ground of error appellant alleges lack of jurisdiction in the County Court to try him based upon the State Constitutional Mandate that all cases of "official misconduct" be tried in the District Court.[1] The question then is does the wording of the information charge official misconduct as it was defined by TEX.PENAL CODE ANN. § 39.01 (Vernon 1974) on the date of the information or does it charge official oppression as defined by TEX.PENAL CODE ANN. § 39.02 (Vernon 1974)?[2] They are defined as follows:

Section 39.01. Official Misconduct

(a) A public servant commits an offense if, with intent to obtain a benefit for himself or to harm another, he intentionally or knowingly:

(1) commits an act relating to his office or employment that constitutes an unauthorized exercise of his official power;

(2) commits an act under color of his office or employment that exceeds his official power;

(3) refrains from performing a duty that is imposed on him by law or that is clearly inherent in the nature of his office or employment;

(4) violates a law relating to his office or employment; or

(5) takes or misapplies any thing of value belonging to the government that may have come into his custody or possession by virtue of his employment, or secretes it with intent to take or misapply it, or pays or delivers it to any person knowing that such person is not entitled to receive it.

(b) For purposes of Subsections (a)(2) of this section, a public servant commits an act under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.

(c) An offense under Subsections (a)(1) through (a)(4) of this section is a Class A misdemeanor. An offense under Subsection (a)(5) of this section is a felony of the third degree.

§ 39.02. Official Oppression

(a) A public servant acting under color of his office or employment commits an offense if he:

(1) intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful; or

(2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful.

(b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.

---

1. TEX. CONST. art. V § 8 (Vernon Supp.1984)

2. Section 39.01 was amended effective September 1, 1983. *See* TEX.PENAL CODE ANN. § 39.01 (Vernon Supp.1974).

(c) An offense under this section is a Class A misdemeanor.

A comparison of the wording of the information and that of the two misdemeanors clearly shows that the information charged official oppression. By codifying official misconduct into one section of the penal code with official oppression in a wholly separate section, we hold that the legislature intended for the constitutionally imposed jurisdiction in the district court for the former to not control the latter. The cases cited by appellant in support of this ground of error were all decided prior to 1974 when the legislature first defined official misconduct and separated it from official oppression.

Unless otherwise provided, jurisdiction of misdemeanors is vested in the County Court. Ground of error number one is overruled.

Grounds of error two through four allege error in the trial court's failure, over objection, to apply the law of parties and criminal responsibility to the facts of the case. The trial court charged the jury concerning these matters in the abstract but did not make application of the law to the facts of the case before us.

■■■ The test for the necessity of charging on these matters was stated in *McCuin v. State*, 505 S.W.2d 827 (Tex. Crim.App.1974) as follows:

Where the evidence introduced upon the trial of the cause shows the active participation in the offense by two or more persons, the trial court should first remove from consideration the acts and conduct of the non-defendant actor. Then, if the evidence of the conduct of the defendant then on trial would be sufficient, in and of itself, to sustain the conviction, no submission of the law of principals is required.

In the case before us the evidence shows the appellant to be the person in charge during the entire episode. The other officers had concluded that the victims were not guilty of anything. Appellant issued the orders which the other officers reluctantly obeyed. At one time he seized one of the victims by the arm and threw him through a door. This conduct was sufficient, in and of itself, to sustain the conviction. Appellant cites *Apodaca v. State*, 589 S.W.2d 696 (Tex.Crim.App.1979) and *Jaycon v. State*, 651 S.W.2d 803 (Tex.Crim. App.1983) in support of these grounds of error. In each of these cases, the appellate court noted that the co-defendant was the principal actor and appellant "... was guilty, if at all, as a party...."

It was not necessary in our case to charge on the matters discussed here either in the abstract or in application to the facts. Grounds of error two, three and four are overruled.

■■■ In grounds of error five and six, appellant alleges error in the trial court's overruling his objection to the court's charge wherein the terms "probable cause" and "credible person" are used without the court's having defined these terms. In support of these grounds of error he cites *Tarpley v. State*, 565 S.W.2d 525 (Tex. Crim.App.1978), *Burleson v. State*, 131 Tex.Cr.R. 576, 100 S.W.2d 1019 (1936), TEX.CODE CRIM.PROC.ANN. art. 14.03 (Vernon Supp.1984) and TEX.CODE CRIM. PROC.ANN. art. 14.04 (Vernon 1977) none of which are on point to these grounds of error.

We have been cited no authority to suggest that these terms must be defined in a court's charge nor can we find any. Our Code of Criminal Procedure does not define the terms. *Burleson* gives a definition for credible person but that case has nothing to do with a court's charge. We overrule these grounds of error and hold that the terms "probable cause" and "credible person" need not be defined by a trial court in its charge to the jury.

■■■ Ground of error seven attacks the information alleging that it charges more than one offense based upon a single set of facts and because each count does not allege that appellant was acting in an official capacity. In *Jurek v. State*, 522 S.W.2d 934 (Tex.Crim.App.1975) it was held that a indictment may contain as many counts

charging the same transaction as the drafter deems necessary to meet variations in the proof. In *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App.1981) it was held that:

The Legislature has established offenses and the elements constituting those offenses. The terms and elements are further defined within the Penal Code. Under these cases, the definitions of the terms and elements are *essentially evidentiary* and need not be alleged in the indictment. This is, in effect, the general rule that, subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient. (Emphasis in original.)

This ground of error is overruled.

 Grounds of error eight through eleven will be considered together since they all refer to the two year statute of limitations for misdemeanors and whether appellant was improperly convicted and the jury improperly charged with respect thereto. The pertinent sections of the Texas Code of Criminal Procedure are:

"Art. 12.02. Misdemeanors

An indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward.

TEX.CODE CRIM.PROC.ANN. art. 12.02 (Vernon 1977).

Art. 12.04. Computation

The day on which the offense was committed and the day on which the indictment or information is presented shall be excluded from the computation of time.

TEX.CODE CRIM.PROC.ANN. art. 12.04 (Vernon 1977). These are said by appellant to be in irreconcilable conflict.

The significance of this argument is that the offense occurred on November 16, *1981* and the information was filed on November 17, *1983*. Thus, if November 16, 1984 and November 17, 1984 are both eliminated, the appellant was charged within the two year limitation.

We see no conflict in the two sections mentioned above. First, the legislature provided for a period of limitations upon prosecutions for misdemeanors; then it prescribed the method of computing this period. They clearly have the authority to do this.

 The trial court is required, when properly requested, to charge on every defensive issue raised by the evidence. *Warren v. State*, 565 S.W.2d 931 (Tex.Crim. App.1978). But in the case before us this *issue* was not raised by the evidence. Nothing was offered by appellant to dispute the two dates mentioned earlier. Even the case cited by appellant in support of the proposition that he was entitled to a jury issue on whether limitations had run, *Wimberly v. State*, 22 Tex.App. 506, 3 S.W. 717 (1886), states the law thusly:

The learned judge explains his refusal to give these instructions to be because they were given in substance in the general charge. We do not think they were. "A defendant is entitled to a distinct and affirmative, and not merely an implied or negative, presentation of the issues which arise upon *his evidence.*" *Irvine v. State*, 20 Tex.App. 13, and authorities cited. It was error to refuse the instructions. (Emphasis added.)

And, again, appellant did not raise this issue. Grounds of error eight through eleven are overruled.

 By his ground of error number twelve, appellant complains of the refusal by the trial judge of a special requested instruction to the jury to the effect that they must acquit appellant if they believed that he had reasonable grounds to arrest Gonzales. The refused instruction, though not identical in wording, was similar in import to the one the trial judge used in his charge. We find the instruction given by the judge to have been properly worded and correct. We overrule this ground of error.

 In his final ground of error, appellant alleges that the information is defective because it is based upon a defective complaint. Specifically, it is alleged that the phrase "on or about the sixteenth day

of November 1981" in the complaint is indefinite.

The only requirement in this regard made by our Code of Criminal Procedure is found in TEX.CODE CRIM.PROC.ANN. art. 21.02–6 (Vernon 1966) which provides "the time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitations." Here, this was complied with since November 16, 1981 is almost two years anterior to the filing of the complaint and information. Appellant's reliance upon *Brown v. State*, 163 Tex.Cr.R. 527, 294 S.W.2d 722 (1956) is misplaced. There, the complaint, which was held to be invalid, was not shown to have been sworn to before the officer administering the oath and it also contained the words *"before* on or about." (Emphasis added.)

This, and all other grounds of error, are overruled, and the judgment of the trial court is AFFIRMED.

Before the Court en banc.

## OPINION ON MOTION FOR REHEARING

KENNEDY, Justice.

On rehearing, we reconsider our original holding herein and adopt the reasoning of the Houston (1st District) Court of Appeals expressed in *Emerson v. State*, 662 S.W.2d 92 (Tex.App.—Houston [1st Dist.] 1983, pet. granted) on the question of jurisdiction of the trial court. There it was held that the offense titled "official oppression" was within the ambit of the phrase "official misconduct" as that term is used in our State Constitution and, therefore, that jurisdiction of such an offense, though punished as a misdemeanor, is in the District Court.

Accordingly, we grant appellant's motion for rehearing and sustain his first ground of error. All remaining grounds of error are overruled for the reasons set out in our original opinion. The judgment of the trial court is REVERSED and the prosecution is ordered DISMISSED.

NYE, Chief Justice, concurring.

On original submission, Panel B of this Court held that the Texas Constitution conferred upon a county court jurisdiction to hear a misdemeanor official oppression offense. This Court granted appellant's motion for an En Banc rehearing to consider the propriety of the panel's holding. After argument and upon reconsideration, we all agree that appellant's first ground of error should be sustained and that the judgment of the trial court should be reversed.

The appellant was charged with "official oppression" in violation of TEX.PENAL CODE ANN. Sec. 39.02 (Vernon 1974). The case was tried in the County Court of Cameron County. Appellant argued there and on appeal that jurisdiction should have been in district court since Art. V, § 8, of the Texas Constitution provides that the district court shall have original jurisdiction "of all misdemeanors involving official misconduct." Article V, § 16, of the Texas Constitution provides that county courts "shall have original jurisdiction of all misdemeanors of which exclusive jurisdiction is not given to the Justices Court...." By such language, the Constitution would appear to invest the county courts with jurisdiction over misdemeanors involving official misconduct. However, it has long been held that the county court does not have concurrent jurisdiction with the district court in cases involving official misconduct, such jurisdiction being exclusive in the district court. *Simpson v. State*, 137 S.W.2d 1035 (Tex.Crim.App.1940); *Hatch v. State*, 10 Tex.Ct.App. 515 (1881). The original panel opinion in this case held that Art. V, § 8, did not encompass the offense of official oppression, TEX.PENAL CODE ANN. Sec. 39.02 (Vernon 1974), and that jurisdiction was properly in the county court.

Prior to the enactment of the new Texas Penal Code in 1973, a plethora of articles in the old penal code forbade various conduct by county, district and state officials and provided that there should be misdemeanor

punishment for such violations.[1] None of these illegal acts were titled "official misconduct," but the offenses concerned misconduct in office. While many of these articles were never the focus of judicial opinions, where a question arose as to whether the district court or county court had jurisdiction over the misdemeanor offense, the original Texas Court of Appeals and the early Court of Criminal Appeals both reviewed the nature of the accused's conduct to determine whether the crime was one "involving official misconduct."

For example, in *Bolton v. State*, 69 Tex. Cr.R. 582, 154 S.W. 1197 (1913), the failure of a tax assessor to report collected fees was determined to constitute official misconduct. In *Robinson v. State*, 470 S.W.2d 697 (Tex.Crim.App.1971), where a municipal warrant officer converted municipal money for his own use, the Court of Criminal Appeals held that this conduct constituted official misconduct within the meaning of Art. V, § 8, Texas Constitution. In *Simpson v. State*, 138 Tex.Cr.R. 622, 137 S.W.2d 1035 (1940), official misconduct occurred where a police officer beat a suspect to gain a confession. In *Brackenridge v. State*, 27 Tex. App. 513, 11 S.W. 630 (1889), the original Texas Court of Appeals held that, where a county judge demanded fees unauthorized by law, such conduct constituted official misconduct.

Before the present penal code was enacted, offenses were classified as involving official misconduct if the alleged conduct was "an act, either of omission or commission, on the part of an officer, by which the legal duties imposed by law have not been properly and faithfully discharged by the officer." *Watson v. State*, 9 Tex.Ct.App. 212 (1880). The legislature has defined official misconduct in relation to county officers as follows:

"By 'official misconduct,' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the law; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law."

See TEX.REV.CIV.STAT.ANN. arts. 5973 and 5968 (Vernon 1962). See also *Bolton*, 154 S.W. at 1197; and *Robinson*, 470 S.W.2d 697.

Only where an indictment did not allege misconduct in office, or where the misconduct did not relate to corruption, willful neglect, or failure of duty, has the conduct committed by the official been found to be outside the ambit of the term "official misconduct." See *Sumrall v. State*, 284 S.W. 957 (Tex.Crim.App.1926); *Craig v. State*, 31 Tex.Cr.R. 29, 19 S.W. 504 (Tex.Ct.App. 1892).

In the 1974 Penal Code, Chapter 39, titled "Abuse of Office," replaced the multitude of old penal provisions relating to misconduct in office. TEX.PENAL CODE ANN. art. 39.01 was titled "official misconduct." TEX.PENAL CODE art. 39.02 was titled "official oppression," and TEX.PENAL CODE art. 39.03 was titled "Misuse of Official Information." Other sections have since been added to this chapter of the Penal Code by the legislature. See generally, TEX.PENAL CODE ANN. Chapter 39 (Vernon Supp.1985).

Under the new penal code, however, only three published cases have dealt with the offense of official oppression. In *Emerson v. State*, 662 S.W.2d 92 (Tex.App.—Houston [1st Dist.] 1984, pet. granted) (still pending before the Texas Court of Criminal Appeals), the Houston Court of Appeals considered the issue that is currently before this Court and determined that an offense of official oppression fell within the ambit of the phrase "official misconduct"

---

1. See Arts. 98, 100, 101, 102, 103, 107, 113, 114, 115, 118, 131, 132, 133, 134, 135, 136, 142, 143, 144, 145, 146, 323, 324, 349, 353, 362, 366, 368, 370, 371, 372, 373, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 402, 407, 411, 412, 413, 414, 416, 420, 421, 422, 423, 425, 426, 640, 641, 831, 832, 1041, 1157, 1158, 1175, 1176, 1539 and 1540.

as used in the Texas Constitution and that, therefore, jurisdiction of such offense was in the district court. A companion case, *Emerson v. State*, 664 S.W.2d 787 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd), contained the same issue as the first *Emerson* case, but the Houston Court of Appeals reversed and remanded the case on other grounds. Even before the *Emerson* cases, this Court recognized (albeit through dicta) that offenses of official oppression were triable in the district court. See *Zuniga v. State*, 664 S.W.2d 366 (Tex.App.—Corpus Christi 1983, no pet.).

The original opinion of Panel B of this Court placed great emphasis on the fact that the new penal code included both an "official misconduct" offense and an "official oppression" offense. As noted by the Houston Court in *Emerson*, however, "the Code Construction Act expressly provides that the title captions do not limit or expand the meaning of any statute." TEX. REV.CIV.STAT.ANN. art. 5429b–2, sec. 3.04 (Vernon Supp.1985). I would also find that the title of the offense has no significance in determining whether the district court or county court properly has jurisdiction. Instead, we should focus upon the conduct made illegal by Sec. 39.02 (official oppression), and we should find that such conduct is of the type contemplated by the Constitutional phrase "involving official misconduct" and, therefore, such offenses under this section must be tried in the district court.

I agree that appellant's motion for rehearing should be granted and appellant's first ground of error sustained. I agree that all remaining grounds of error are overruled for the reasons set out in the panel opinion.