

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0035-21

**JERROD P. ROLAND, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS FORT BEND COUNTY

**KELLER, P.J., delivered the opinion of a unanimous Court.**

In a Fort Bend county court at law, Appellant pled no contest to official oppression, a Class A misdemeanor. The court of appeals held that the county court at law had no jurisdiction over the case because district courts and criminal district courts have exclusive jurisdiction over misdemeanors involving official misconduct. We conclude that, because of changes in the Texas Constitution and because of the wording of relevant statutes, some county courts at law do have concurrent jurisdiction over misdemeanors involving official misconduct, and the Fort Bend County Court at Law is one of those courts.

## A. Court of Appeals

Citing *Gallagher v. State*,[1] *Nix v. State*,[2] and Article 4.05,[3] the court of appeals concluded, "A conviction for official oppression in a county court at law is void."[4] Further concluding that "[n]either the Code of Criminal Procedure nor the Government Code grants original jurisdiction over misdemeanors involving official misconduct to county courts at law," the court of appeals also cited Section 26.045.[5] The court of appeals concluded that Article 4.05 confers original jurisdiction over misdemeanors involving official misconduct to district courts and criminal district courts.[6]

## B. Analysis

### 1. The Texas Constitution has changed, so *Gallagher* no longer controls.

In *Simpson v. State*, this Court held that, under the Texas Constitution, district courts had exclusive jurisdiction over official-misconduct misdemeanors.[7] At the time, the Texas Constitution provided, "The District Court shall have original jurisdiction in all criminal cases of the grade of felony . . . [and] of all misdemeanors involving official misconduct."[8] The *Simpson* decision stated,

---

[1] 690 S.W.2d 587 (Tex. Crim. App. 1985).

[2] 65 S.W.3d 664 (Tex. Crim. App. 2001).

[3] TEX. CODE CRIM. PROC. art. 4.05.

[4] *Roland v. State*, 617 S.W.3d 52, 56 (Tex. App.—Houston [1st Dist.] 2020).

[5] *Id.* (citing Art. 4.05 and TEX. GOV'T CODE § 26.045(a)).

[6] *Id.* at 55.

[7] 138 Tex. Crim. 622, 624-25, 137 S.W.2d 1035, 1037 (Tex. Crim. App 1940) (on mot. for reh'g).

[8] *Id.* at 624, 137 S.W.2d at 1037 (quoting then TEX. CONST., Art. 5, § 8) (ellipsis in *Simpson*).

"A conviction for an offense involving 'official misconduct' is so far reaching in its consequences that the framers of our Constitution may well have considered the result and for that reason in their wisdom lodged jurisdiction to try such offenses in the District Court."[9] When the issue came before the Court in *Gallagher*, in May of 1985, the relevant language of the Texas Constitution had not changed.[10] *Gallagher* explained that the rule of constitutional construction for jurisdictional issues is: "Where jurisdiction is given by the Constitution over cases involving designated kinds of subject matters, the grant is exclusive, unless a contrary intent is shown by the context."[11] *Gallagher* also explained that "neither the Legislature nor the courts can impair the jurisdiction given district courts in Article V, § 8, Tex.Const., over misdemeanors involving official misconduct"[12] and "the constitutional jurisdiction of a district court cannot be taken away by legislative act."[13]

But in November of 1985, the relevant language of the Texas Constitution changed. The section granting district courts jurisdiction was rewritten, in relevant part, to read: "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."[14] The

---

[9] *Id.* at 625, 137 S.W.2d at 1037.

[10] *Gallagher*, 690 S.W.2d at 591.

[11] *Id.* at 594.

[12] *Id.* at 593.

[13] *Id.* at 594. *Gallagher* was followed in *Emerson v. State*, 727 S.W.2d 267 (Tex. Crim. App. 1987), but that case was tried before *Gallagher*. *See* 727 S.W.2d at 268.

[14] TEX. CONST., Art. 5, § 8.

Constitution no longer has a specific provision giving district courts jurisdiction over official-misconduct misdemeanors.[15] Because there is no longer a designated grant of district-court jurisdiction over official-misconduct misdemeanors, the rule of constitutional construction according a presumption of exclusive jurisdiction over such offenses no longer applies. In fact, with respect to district-court jurisdiction in general, the current language of the Texas Constitution replaces the designated-grant rule of constitutional construction with a different rule of constitutional construction. Now, the Texas Constitution speaks of "exclusive, appellate, and original" jurisdiction and says that, although a district court has all of these by default, the Constitution *or other law* can confer any of those on another court.[16] Whatever "other law" means, it obviously includes statutes.[17]

### 2. Article 4.05 does not purport to confer *exclusive* jurisdiction on district courts

So we must now look to statutes. Article 4.05 says, "District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code."[18] This provision purports to confer "original" jurisdiction but does not purport to confer "exclusive" jurisdiction. *Gallagher* said that Article 4.05 was "the legislative restatement of the constitutional command" conferring district-court jurisdiction over official-

---

[15] *See id.*

[16] *See id.*

[17] *See Murray v. State*, 302 S.W.3d 874, 879 (Tex. Crim. App. 2009). The implication of the constitutional provision's language is also that the district court does not have original jurisdiction if original jurisdiction is conferred elsewhere and if the legislature does not also confer original jurisdiction on the district court. *See id.*

[18] TEX. CODE CRIM. PROC. art. 4.05

misconduct misdemeanors.[19]  But that was when the Texas Constitution included such a command; it no longer does.  Indeed, the amendment to the Texas Constitution changes how we even look at the statutes, because now statutory law can vest any one of the three types of jurisdiction (exclusive, appellate, or original) in a court other than the district court.

And, importantly, the *Gallagher* rule of constitutional construction (regarding exclusivity of jurisdiction) is *not* a rule of statutory construction.  For statutory construction, we look to *Boykin v. State*, which says that we must give effect to the literal text of the statute unless the text is ambiguous or the plain meaning of the text would lead to absurd results that the legislature could not have possibly intended.[20]  In evaluating the text of separate statutes that appear to overlap or conflict, the rule is that we harmonize the provisions to the fullest extent possible.[21]

The literal text of Article 4.05 purports to confer "original" jurisdiction but does not purport to confer "exclusive" jurisdiction.  In practical effect, the conferring of original jurisdiction may be exclusive, if jurisdiction of the subject matter is not also conferred elsewhere.  But if another statute appears to confer jurisdiction that overlaps with the jurisdiction in Article 4.05, nothing in the literal text of Article 4.05 makes the jurisdiction conferred by it exclusive.  And given that the Texas Constitution speaks of both "original" and "exclusive" jurisdiction, one would expect to see a reference to "exclusive" jurisdiction in a statute if that is what the legislature really meant.  And, as we shall see below, other statutes do refer to "exclusive" jurisdiction, so the absence of that term in Article 4.05 is notable.  In the absence of "exclusive" language, the expected statutory-construction

---

[19]  690 S.W.2d at 591.

[20]  818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[21]  *Diruzzo v. State*, 581 S.W.3d 788, 799 n.11 (Tex. Crim. App. 2019).

outcome when two statutes appear to confer jurisdiction in a particular situation is that both statutes are effective. When those two statutes confer jurisdiction on different courts, then the expected outcome is that the courts have concurrent jurisdiction.

### 3. Other statutes purport to confer jurisdiction on county courts at law.

Government Code Section 25.0003 prescribes that a "statutory county court" (also known as a county court at law) "has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts."[22] So, absent a statutory exception, a county court at law has jurisdiction over anything a county court has jurisdiction over.

Article 4.07 says, "The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars."[23] So, Article 4.07 confers upon "county courts" jurisdiction of "all" misdemeanors except where exclusive jurisdiction has been given to the justice court and for cases in which the possible fine is low. "All" misdemeanors would include official-misconduct misdemeanors.

Government Code Section 26.045 says in relevant part, "[A] county court has exclusive original jurisdiction of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less."[24] This provision does exempt

---

[22] TEX. GOV'T CODE § 25.0003(a).

[23] TEX. CODE CRIM. PROC. art. 4.07.

[24] TEX. GOV'T CODE § 26.045(a). This provision contains the beginning clause, "Except as provided by Subsection (c)." *Id.* Subsection (c) says, "Except as provided by Subsections (d) and Calhoun (f), a county court that is in a county with a criminal district court does not have any criminal jurisdiction." Subsection (e) says, "Subsections (c) and (d) do not affect the jurisdiction of a statutory county court."

official-misconduct misdemeanors, but it exempts them only from the county court's *exclusive* original jurisdiction. The provision says nothing about whether a county court has nonexclusive (i.e. concurrent) original jurisdiction over such offenses. The provision also does not talk about the justice court exemption in Article 4.07. The statutes can be easily harmonized if Article 4.07 is viewed as addressing the total original jurisdiction a county court has and Section 26.045 is viewed as addressing the county court's exclusive original jurisdiction. This view accounts for all of the differences in language between the two statutes. The county court has no jurisdiction of the exclusive-to-the-justice-court offenses, so an exemption is crafted in Article 4.07, but there is no corresponding need to say that those types of offenses are not part of the county court's exclusive jurisdiction. Conversely, these statutes are consistent with the notion that the county court has jurisdiction over official-misconduct misdemeanors (so no exemption in Article 4.07) but that the jurisdiction is not exclusive (so an exemption appears in Section 26.045).

**4. Some County Courts are explicitly denied jurisdiction over official-misconduct misdemeanors, which indicates that not all are.**

By various statutes, the legislature has explicitly provided that the statutory county courts of certain counties do not have jurisdiction over official-misconduct misdemeanors, including those in Atascosa, Bowie, Calhoun, Hopkins, Hunt, Kaufman, Navarro, Rockwall, and Van Zandt counties.[25] The statutes for Bowie, Calhoun, Hopkins, Kaufman, and Rockwall counties provide generally that the statutory county court in question has concurrent jurisdiction with the district court and then provide enumerated exceptions, including the one for official-misconduct misdemeanors.[26] This

---

[25] *See* TEX. GOV'T CODE §§ 25.0092(b)(2), 25.0212(b)(3), 25.0312(b)(2), 25.1142(b)(3), 25.1182(b)(3), 25.1312(b)(3), 25.1772(b)(3), 25.2012(b)(3), 25.2362(b)(3).

[26] *See id.* §§ 25.0212(a), 25.0312(a), 25.1142(a), 25.1312(a), 25.2012(a).

scheme of the county-specific statute conferring a general grant of concurrent jurisdiction and enumerating exceptions might be consistent with the view that official-misconduct misdemeanors were enumerated as an exception because the legislature had always intended for them to be the exclusive domain of the district courts. But the statutes for Atascosa, Hunt, Navarro, and Van Zandt counties do not provide a general grant of concurrent jurisdiction with the district courts; rather they specifically enumerate matters of concurrent jurisdiction with the district courts.[27] The separate enumeration of an exclusion for official-misconduct misdemeanors for those counties would seem unnecessary unless the legislature thought those courts might otherwise have jurisdiction under the general statutes (Article 4.07 via Section 25.0003).[28]

### 5. Statement in *Nix* was at best *dictum*, and is not controlling

In *Nix*, we explained that the rare circumstances that would render a judgment void would ordinarily fall into one of four categories: (1) the purported charging instrument not satisfying the constitutional requisites for one, (2) the trial court lacking subject matter jurisdiction, (3) no evidence to support the conviction, and (4) an indigent defendant facing criminal proceedings without appointed counsel when counsel has not been waived.[29] In connection with the subject-matter-jurisdiction category, we gave the example of "such as when a misdemeanor involving official

---

[27] *See id.* §§ 25.0092(a), 25.1182(a), 25.1772(a), 25.2362(a).

[28] The enumeration of the official-misconduct exclusion might seem necessary because one of the enumerated grants of jurisdiction to these courts was over "Class A and Class B misdemeanor cases." *See* TEX. GOV'T CODE §§ 25.0092(a)(1), 25.1182(a)(2), 25.1772(a)(2), 25.2362(a)(2). But as discussed above, statutory county courts already have jurisdiction over misdemeanors under Art. 4.07 by virtue of § 25.0003 and, and these statutes acknowledge that the statutory county courts have the jurisdiction conferred by § 25.0003. *See supra* at n.27.

[29] 65 S.W.3d at 668.

misconduct is tried in a county court at law" and cited *Gallagher*.[30] The court of appeals in the present case italicized the language in *Nix* setting out the subject-matter-jurisdiction category and the *Gallagher* example.[31] After the citation to *Nix*, the court of appeals stated, "The precedent of the Court of Criminal Appeals is binding on this court."[32]

But the official-misconduct example was an example of a subject-matter jurisdiction defect we had found in the past. To the extent the opinion suggested that the example was still true under then-current law, that suggestion was *dictum*.[33] It was not necessary to resolve the legal issue in *Nix*, a theft case in which we addressed whether the defendant could raise certain challenges to a deferred-adjudication plea in an appeal after adjudication.[34]

### C. Conclusion

We conclude that some statutory county courts have jurisdiction over official-misconduct misdemeanors (concurrent with the district court) and that the Fort Bend statutory county court is one of those courts. The court of appeals erred in concluding otherwise. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.[35]

Delivered: September 29, 2021
Publish

---

[30] *Id.* at 668 & n.13.

[31] *Roland*, 617 S.W.3d at 55.

[32] *Id.* at 56.

[33] *See Garrett v. State*, 377 S.W.3d 697, 704 n.27 (Tex. Crim. App. 2012).

[34] *See Nix*, 65 S.W.3d at 666-67.

[35] The jurisdictional issue was Appellant's sole point of error. *See Roland*, 617 S.W.3d at 54.